M. B. WILCOX *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY COMPANY.

| 35 | 439 |
| 42 | 76 |
| 42 | 340 |

July 15, 1886.

**Eminent Domain—Railway Company—Appropriation of Vacant City Lots—Damages to Contiguous Lots.**—In proceedings to condemn, for railroad purposes, two vacant city lots, the owner of which also asserted title to the entire block (also vacant and unoccupied) of which the two lots were a part, nothing being shown in respect to the appropriation of the property to any use, except the fact that it had been surveyed and platted into ordinary city lots, *held,* that the land-owner was not entitled to compensation for injury resulting to other lots than the two touched by the railroad, although the whole comprised one body or block of land.

**Same—Abandonment of Land after Verdict.**—*Witt* v. *St. Paul & N. P. Ry. Co., ante,* p. 404, followed, denying the right of the corporation, after having taken possession of the land sought to be condemned, to abandon its condemnation proceedings after verdict, still retaining its possession of the property.

**Same—Denial of Title of Land-Owner after Verdict.**—The petition of the corporation, alleging title in the respondent, admits that fact for the purposes of condemnation. Upon discovery, pending the trial, that the respondent's title was qualified or partial, the remedy of the corporation as against its admission was either through a timely and effectual abandonment of the proceedings, or by a seasonable application to the court for leave to amend its petition, or, if after verdict, by motion for a new trial. Relief is not to be obtained by motion upon affidavits, for an order that judgment be entered for a sum less than that awarded by the verdict.

The St. Paul & Northern Pacific Railway Company commenced proceedings in the district court for Hennepin county to condemn for its uses lots one and two in block ten of Bottineau's second addition to St. Anthony. For the taking of these lots the commissioners

awarded, as damages, $1,000 to M. B. Wilcox, who was named as sole owner in the petition of the railway company. From this award Wilcox appealed to the district court, where the appeal was tried before *Koon*, J., with a jury, who found the value of the lots to be $1,300, and assessed the damages of Wilcox for the taking or injuriously affecting his land, at the sum of $1,700. On the trial, Wilcox was allowed, against the objection of the railway company, to give evidence of damage to lots two to nine inclusive in the same block. After verdict the railway company applied for leave to abandon the proceedings, which application was denied by *Koon*, J., upon the ground that the company has not abandoned, and does not intend to abandon, the construction of its railway in the street belonging to the lots in controversy. Thereafter the railway company moved, before the same judge, to reduce the verdict one-half, on the ground that it appeared that Wilcox was the owner of an undivided one-half of the lots only. The application was resisted by Wilcox, who claims to be the sole owner of the lots. The motion was denied, and judgment was entered upon the verdict, from which judgment the railway company appeals.

*D. A. Secombe*, for appellant.

*Wilson & Lawrence*, for respondent.

DICKINSON, J. This appellant filed its petition for the condemnation for railroad purposes of lots 1 and 10, in a certain block of land in Bottineau's second addition to St. Anthony, in which petition this respondent, Wilcox, was named as the owner of the property. Wilcox appealed to the district court from the award of commissioners. Prior to the trial in the district court the railway company (having authority from the municipality, but without having executed the bond prescribed by Gen. St. 1878, c. 34, § 24,) entered upon that part of the street adjacent to lots 1 and 10, and constructed its railroad thereon, and still continues in possession thereof. In the proceedings in the district court Wilcox claimed damages, not only for the taking of lots 1 and 10, but also on account of injury thereby resulting to lots from 2 to 9, inclusive, and comprising the remainder of the block to which he asserted title; and, upon the trial, Wilcox was allowed, against this appellant's objection, to introduce evidence

of injury resulting to those lots by reason of the taking of lots 1 and 10. There was no evidence tending to show that any of the 10 lots were inclosed, or in any way occupied.

One of the questions presented on this appeal from the judgment is as to the propriety of allowing damages in respect to lots from 2 to 9, none of which were touched by the railroad. It may be deemed to have been settled by the decisions of this and other courts that a land-owner, a part of whose property is taken under the law of eminent domain, is not entitled to compensation for consequential injuries resulting therefrom to his entire estate, however extensive that may be, and without regard to the purposes to which it has been appropriated; but that such right of compensation exists only in respect to the tract or parcel of land a part of which is taken. And even though the lands injuriously affected are contiguous to the lands taken, so that the whole may be said to be one body of land, yet the right to compensation may not exist in respect to the whole. If one own distinct, although contiguous, farms, from one only of which land is taken, he is not entitled to compensation for resulting injury to the other. *Minnesota Valley R. Co.* v. *Doran*, 15 Minn. 179, (230;) *St. Paul & Sioux City R. Co.* v. *Murphy*, 19 Minn. 433, (500.) And in numerous cases, involving contests of this kind, the use to which the property has been devoted has been deemed an important consideration in determining whether lands, being in one body, should be deemed one tract, or several distinct tracts, for the purposes of the assessment of compensation. *Winona & St. Peter R. Co.* v. *Denman*, 10 Minn. 208, (267;) *Minn. Valley R. Co.* v. *Doran, supra; St. Paul & Sioux City R. Co.* v. *Murphy, supra; Sherwood* v. *St. Paul & Chicago Ry. Co.*, 21 Minn. 122; *Sherwood* v. *St. Paul & Chicago Ry. Co.*, Id. 127; *Wilmes* v. *Minn. & N. W. Ry. Co.*, 29 Minn. 242; (13 N. W. Rep. 39.) In these, and in other like cases, such use, sometimes disputed, as in the cases of *Doran* and *Murphy, supra*, would have been unimportant, if the mere contiguity of the lands had been deemed enough to entitle the owner to compensation in respect to the whole.

If the several lots of which this block consists had been actually appropriated to distinct uses, the owner would not have been enti-

tled to compensation in respect to lots no part of which was taken. *Minn. Valley R. Co.* v. *Doran, supra.* It is more doubtful whether, the lands being unoccupied, he may recover compensation for the whole as one tract. It is perhaps impossible to establish any rule applicable to such cases which will not be subject to criticism. But in respect to city property, in fact unoccupied, but which appears to have been platted or divided into blocks and lots, nothing more being shown, the property should be treated as lots or blocks, intended for use as such, and not as one entire tract. *Prima facie* that character has been given to it by the proprietor. Presumably the division or platting was with a view to the use of the property, or to its disposal and ultimate use, in such subdivisions as have been made; and if any facts exist which might be considered sufficient to rebut this presumption, they should be disclosed. We therefore are of the opinion that the court below erred in allowing damages in respect to lots other than lots 1 and 10; but as the assessment of damages in respect to the lots other than lots 1 and 10 was made separately, the error may be corrected by a modification of the judgment by deducting therefrom the sum of $400, with the interest on the same subsequent to June 27, 1885.

After verdict, the company moved for leave to abandon the condemnation proceedings, and, that motion having been denied, moved further that the judgment to be entered upon the verdict be limited to one-half of the value of the property as determined by the verdict. These motions were based upon affidavits alleging that it had appeared on the trial that Wilcox had title to only an undivided half of lots 1 and 10, while the verdict was for the whole value. This was opposed by affidavit. It further appeared that prior to the trial the railway company had entered upon the street in front of these lots 1 and 10, and graded the same for its railway, and still remained in possession, without having given the bond required by Gen. St. 1878, c. 34, § 24, to authorize taking possession pending an appeal from the award of commissioners.

The motion for leave to abandon the proceedings was denied, upon the ground that the corporation had not abandoned, and did not intend to abandon, its possession. This ruling of the court is sus-

tained by the decision of this court at the present term in *Witt* v. *St. Paul & N. P. Ry. Co.*, *ante*, p. 404. .

The motion to limit the judgment to one-half of the amount of the verdict was properly denied. The petition admitted Wilcox's title to these lots, and no evidence of his title was necessary to sustain his recovery. By the opposing affidavit it was alleged that the evidence which is claimed to have shown that Wilcox's title was to only the half of the property was introduced only in support of his title to lots from 2 to 9. The question of title could not be tried upon affidavits, and the verdict of the jury modified in the manner proposed. Whatever remedy the corporation may have had as against its admission of title, was either through a timely and effectual abandonment of the proceedings, or by a seasonable application to the court for leave to amend the averment of title in the petition, which, in a proper case, we think might be allowed. Gen. St. 1878, *c.* 34, § 25; Id. *c.* 66, §§ 124, 125. After verdict the remedy could be only by motion for a new trial.

The cause is remanded, with directions to modify the judgment as above indicated.