PEARSON, Judge.
The question presented by this interlocutory appeal is: May the head of a family, joined by his wife, in the face of a recorded judgment against both, purchase a vacant tract of land adjacent to their established homestead tract and thus secure the benefit of the constitutional exemption from levy for the additional tract where the total acreage of the two tracts is less than 160 acres ? This is a constitutional question which properly should be determined by the Supreme Court of Florida. Because the interlocutory appeal[1] at law may not be transferred to the Supreme Court, we will deal with the question in concise form and certify the decision to the Supreme Court. The point is presented upon an appeal from the trial judge’s order entered in procedure supplemental to execution. The trial judge held the second tract was not exempt. We affirm.
The factual basis for the question arose as follows. The appellants, Mr. and Mrs. John H. Quigley owned a seven and one-half acre homestead. Appellee’s judgment was entered against appellants on October 31, 1966. In a deposition in aid of execution taken on November 23, 1966, appellants testified that these seven and one-half acres constituted their home place and that it was the only real property they owned.
Thereafter, on January 16, 1967, the appellants purchased a vacant seven and one-half acre tract of land adjacent to the one that they already owned. When appellee attempted to levy on the newly acquired tract, the appellants filed an affidavit of exemption upon the two tracts as one, claiming the entire 15 acres as their homestead under the Florida Constitution.
Appellee filed a traverse of the affidavit of exemption and after the trial of the issue, the trial judge found “that the later acquired parcel * * * was acquired subject to the lien of the prior recorded judgment entered in this case and it is therefore subject to levy and execution as not being homestead.” This appeal is from that order, der.
The provision granting an exemption from levy to a homestead is in the Constitution of Florida, Article X, F.S.A. The material portions of Section 1 are:
“Exemption of homestead; extent. A homestead to the extent of one hundred *612 and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. * * * a
It is settled that this provision should be interpreted in a liberal spirit in the interest of protecting the family home. White v. Posick, Fla.App.1963, 150 So.2d 263. See also Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 (1931). Further, it is clear that a homestead may comprise more than one tract of land when the tracts are contiguous. Coleman v. Williams, 146 Fla. 45, 200 So. 207 (1941); Buckels v. Tomer, Fla.1955, 78 So.2d 861.
We find no Florida case which would indicate that the purchaser must be free of recorded judgments at the time he purchased his homestead or any portion of it.[2] The Supreme Court of Florida has, however, often pointed out that great care should be taken to prevent the homestead exemption from levy, from becoming an instrument of fraud. See Pasco v. Harley, 73 Fla. 819, 75 So. 30 (1917); Hillsborough Inv. Co. v. Wilcox, 152 Fla. 889, 13 So.2d 448 (1943); Vandiver v. Vincent, Fla.App.1962, 139 So.2d 704.
The purchase of the vacant tract, if allowed as additional homestead, would permit the appellants’ judgment-debtors to deposit funds out of the reach of the appellee judgment-creditor. It would provide a basis upon which each head of a family might use after acquired surplus to increase his estate without paying his just debts. We hold that to allow this unnecessary result would be contrary to the holdings of the cases just cited.
Affirmed.

. See Florida Appellate Rule 4.2, 32 F.S.A. for description of certain interlocutory orders at law, including some orders entered after final judgment, which may be appealed.

. For a comprehensive survey of homestead exemption in Florida see Crosby and Miller, Our Legal Chameleon, The Florida Homestead Exemption, 2 Fla. L.Rev. 1.