205 So.2d 317 (1967)
Philip DI VIRGILIO and Minnie Di Virgilio, His Wife, Appellants,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, et al., Appellees.
No. 1041.
District Court of Appeal of Florida. Fourth District.
November 28, 1967.
Rehearing Denied January 2, 1968.
*318 R. Stephen Miles, Jr., of Thacker & Thacker, Kissimmee, for appellants.
P.A. Pacyna, Tallahassee, for appellee State Road Department.
McCAIN, Judge.
This is an appeal by the defendants, Philip and Minnie Di Virgilio, from a final judgment in a condemnation proceeding brought by the State Road Department and Osceola County, as petitioners.
Defendants own land in Osceola County on both sides of U.S. Highway 441, an access highway, which runs through their property on a northwest-southeast orientation. The smaller tract of defendants' land lies north of the highway and is of triangular shape lying in the acute intersection of Highway 441 and State Road 523, which runs east and west. The larger tract lies across Highway 441 from the smaller one, also bordering the intersection of the two highways. The petitioners decided to widen Highway 441 and instituted condemnation proceedings to obtain the required right-of-way by taking a portion from each of these tracts.
The effect of the taking on defendants' two tracts was dramatically different. Approximately 65% of the smaller triangular tract was taken, thereby rendering it virtually useless, i.e., for a billboard site on the remaining 3300 square feet. The value of the larger tract, on the other hand, actually was enhanced because its highway frontage was increased from 320 feet to 480 feet.
The major question raised in this appeal is whether the enhancement accruing to the defendants' larger property on the south side of Highway 441 can be offset against the severance damage accruing to the defendants' remaining property on the north side thereof.
The applicable statute is F.S.A. § 73.10 (3), 1963, now F.S.A. § 73.071(4), which reads as follows:
"When the action is by the state road department, county, municipality, board, *319 district or other public body for the condemnation of a road, canal, levee or water control facility right of way, the enhancement, if any, in value of the remaining adjoining property of the defendant property owner by reason of the construction or improvement made or contemplated by the petitioner, shall be offset against the damage, if any, resulting to such remaining adjoining property of the defendant property owner by reason of the construction or improvement, but such enhancement in the value shall not be offset against the value of the property appropriated, and if such enhancement in value shall exceed the damage, if any, to the remaining adjoining property there shall be no recovery over against such property owner for such excess."
Defendants' lands were condemned as one parcel, to which there was no objection. To the contrary, the defendants' answer treated the lands as one and affirmatively pleaded severance damages to the parcel. The testimony by the owner showed he purchased the land about 1935 and has owned it since. Testimony by the petitioners' appraiser, who arrived at $1,795.00 as full and just compensation, reveals the highest and best use of the lands on both sides of Highway 441 at its intersection with State Road 523 to be potentially commercial, tapering off on the larger tract to potentially residential, with the remainder of the parcel suited for cattle pasture. He further testified without objection that in arriving at a compensation figure he used the enhancement to the larger tract to reduce the severance damage to the smaller one. Testimony by the defendants' appraiser showed severance damage to the smaller tract but no severance damage to the larger tract, with a sum of $11,000.00 representing just compensation for the entire parcel. No attempt was made to distinguish consideration of the tracts through requested instructions. A verdict was returned by the jury of $2,500.00 for the parcel as a whole.
Not until their motion for a new trial did the defendants object to these lands being treated as one parcel or suggest that the tracts be afforded separate consideration. For aught appears in the record, the entire question of whether or not the two tracts should be treated as adjoining for purposes of determining enhancement and severance damages was not considered by the trial court. The defendants failed to object and cannot now be heard to complain. Assuming the two tracts were presumptively discrete, this cannot be said to have been so fundamental and prejudicial to the defendants as to necessitate a reversal notwithstanding defendants' failure to object. Daniels v. State Road Department, Fla. 1964, 170 So.2d 846; Marinelli v. Weaver, Fla.App. 1966, 187 So.2d 690; Clark v. Osceola Clay & Top Soil Company, Fla. 1957, 99 So.2d 869; Quick v. Leatherman, Fla. 1957, 96 So.2d 136.
Albeit, we find the record otherwise sufficient to support the verdict and final judgment.
Defendants contend that by adjoining land the statute means land that is contiguous to that condemned, i.e., land that is physically connected. Because the two tracts of land were separated by Highway 441 defendants argue that each must be considered independent of the other, with benefit to the larger portion only being used to reduce severance damage to that same tract. Consequently, they reason that it was error for the petitioners' appraiser to use the benefit to the larger tract to reduce the consequential damage to the smaller in arriving at his estimate of just compensation.
Undoubtedly, if defendants were correct and physical contiguity were the only test we would reverse for fundamental error. But the general rule is otherwise. In determining what is adjoining property for the purpose of balancing severance damage and benefits in a condemnation suit, three facts are important: unity of ownership, unity of use, and physical contiguity. *320 People ex rel. Department of Public Works v. Fair, 1964, 229 Cal. App.2d 801, 40 Cal. Rptr. 644; Barnes v. North Carolina State Highway Commission, 1959, 250 N.C. 378, 109 S.E.2d 219; 29A C.J.S. Eminent Domain § 140; annotation 6 A.L.R.2d 1197; annotation 13 A.L.R.3d 1149, § 14.
Here there is no question but that defendants owned all of the land. For a discussion of what constitutes unity of ownership, see the annotation in 95 A.L.R.2d 887.
In considering the remaining factors of use and contiguity, several patterns are discernible. First, if the lands are only nominally divided they will be treated as a unit unless actually devoted to such divergent uses that they take on the character of separate properties. See annotation 6 A.L.R.2d 1197, § 2(a).
Second, where the contiguity is disturbed only by an easement, the underlying fee remaining in the condemnee, and the portions are not used in a wholly different manner, they will be regarded as actually contiguous and can be treated as one parcel. Barnes v. North Carolina State Highway Commission, supra.
Third, where there is an actual physical division of the property but the parts are devoted to an integrated use and they lie in such proximity as to be in effect united, the property may be regarded as one unit. Barnes v. North Carolina State Highway Commission, supra; annotation 6 A.L.R.2d 1197, § 2(c). Physical contiguity will, of course, have great evidentiary value in determining whether there exists a unity of use. Baetjer v. United States, 1st Cir.1944, 143 F.2d 391, cert. denied 323 U.S. 772, 65 S.Ct. 131, 89 L.Ed. 618. Accordingly, where two tracts were separated by a highway owned by the state in fee and there was no preexisting direct access across the roadway, the two tracts were held not to be adjoining notwithstanding that both were being used for the same purpose. People ex rel. Department of Public Works v. Fair, supra.
The defendants suggest that the word "adjoining" is synonymous with "contiguous"; however, no comfort can be found in this cognate. The contiguous aspect of lands for purposes of homestead exemption in Florida has been treated in a manner not inconsistent with the rules herein enunciated. Quigley v. Kennedy & Ely Insurance, Inc., Fla.App. 1967, 202 So.2d 610; Buckels v. Tomer, Fla. 1955, 78 So.2d 861.
To place a construction on the statute as suggested by the defendants would be tantamount to an etymological straight-jacket thereby emasculating the principle that a landowner, whose lands are transversed by easements or fees for drainage district canal rights-of-way, natural gas transmission lines, etc., may be entitled to claim severance damages to all his remaining lands should proceedings be instituted for condemnation of a highway right-of-way over his property. F.S.A. § 73.071.
The record is insufficient for us to conclude as a matter of law that the tracts were separate. To the contrary the evidence justifies the conclusion of the proximity of the tracts, separated only by a highway over which there was unlimited access, together with a unity of highest and best use between the tracts. It does not appear whether the highway rests on a fee or an easement; however, the enjoyment of the parcel taken was reasonably and substantially necessary to the enjoyment of the parcel left. Peck v. Superior Short Line Ry. Co., 1887, 36 Minn. 343, 31 N.W. 217, 218.
The norm, then, for determining what is adjoining property within the meaning of F.S.A. § 73.071(4) is unity of ownership, unity of use, and physical contiguity. Where a condemnee owns land contiguous to that taken it is prima facie adjoining property. He who would assert otherwise must show that different portions of the land are so totally devoted to divergent uses that they take on the character of *321 separate tracts. Conversely, where there is a physical separation of tracts, they are prima facie distinct but may be treated as one parcel upon proof of proximity and an integration of use so substantial that they in effect are one.
We have carefully examined and considered the other assignments of error and the contentions of appellants with respect thereto. Prejudicial error has not been made to appear. Eastern Shopping Centers, Inc. v. State Road Department, Fla.App. 1966, 192 So.2d 785; Myers v. Korbly, Fla.App. 1958, 103 So.2d 215.
Accordingly, the judgment is affirmed.
WALDEN, C.J., and DOWNEY, James C., Associate Judge, concur.