ALLEN, Acting Chief Judge.
This is an appeal from a final judgment awarding the appellants a jury verdict in the sum of $5,000 damages as compensation for the taking and severance of their property in a suit brought by the State Road Department of Florida and Hernando County and from a denial by the court below of their motion for a new trial.
The appellants were the owners of a parcel of land including improvements located in Hernando County.
The appeal primarily centers around the evidence of an expert witness for the State Road Department of Florida. The appellants in their briefs and on oral argument contended that the testimony concerning the appraisal of Charles S. Allen, Jr., the witness for the State Road Department, should have been stricken as the property was appraised one year and nine months prior to the date of taking.
Mr. Allen testified the value of the property taken was $2,727.00 while the expert witness for the appellants set the value of the property at $10,794.00, and the jury brought in a verdict of $5,000.00 damages as full compensation for the taking and severance.
The appellants contend that there was no subsequent appraisal of the property by Mr. Allen from the date of the original appraisal to the date of the taking, a period of one year and nine months. We have reviewed Mr. Allen’s testimony and conclude that he re-examined and confirmed his appraisal around the date of the taking, September 14, 1966.
On direct examination of Mr. Allen, he testified that his name was Charles E. Allen, Jr.; that he had been in the real es *783 tate business some 23 years; that he had done appraisal work for approximately 12 years; and that he had served previously as Tax Assessor for Hernando County. Mr. Allen then testified as follows: (R 92)
“Q. Will you tell the jury what you appraised this property before the taking and the value of the property after the taking as of September 14, 1966? Now, we have a little difficulty arriving at two values as of the same date, but never the less, I would like for you to tell the jury what your appraisal as of September 14, 1966 was on this property before the taking and after the taking and in this valuation and appraisal disregard the increased value or decreased value by virtue of this new road along the front.
it * * *
“Q. Did you make such an appraisal?
“A. I made such an appraisal, yes, sir. [There were certain objections made by the attorneys but none was sustained by the Court.]
tt * *
“Q. I said ‘as of September 14, 1966’.
“THE COURT: So that your question could be understood, I think you could ask him the date of his appraisal, and if he has an opinion as to the value of this property before the taking and on September 14, 1966.
it * * *
“Q. When did you appraise this, look over this property and prepare a study of this appraisal out first?
“A. The first time?
“Q. Yes.
“A. December 16, 1964.
“Q. 1964. Now then, have you at any time since that time made any subsequent examinations or appraisals?
“A. Yes, sir. We are required to reexamine our appraisals, that is as of the date of taking, or the order of taking and I went back over all of these parcels after that date or about that date.
“Q. And that was September 14, 1966?
“A. Yes.
“Q. Now, will you give your opinion of what the value of that land was before the taking on that date; September 14, 1966?
“A. Six Thousand Nine Hundred Dollars.”
Thereafter there followed a discussion as to the improvements on the property, etc. The Court asked:
“What was the value of the entire property is what we need.”
Then the attorney representing the county continued with:
“Q. What was the value of the entire property together with the improvements on it prior to the taking? * * * September 14, ’66.
“A. Seven thousand forty-seven dollars.”
Subsequently, (R 98) the witness was asked:
“Q. What do you consider the value of the remaining piece of property, they (sic) property they own, that hasn’t been taken, after the taking on that date, as of September 14, 1966?
“A. Four thousand five hundred and sixty dollars.
“Q. Now, is that taking in consideration any damage which might have been done to the remainder ?
“A. No, sir, * * *
<( * ‡
“THE COURT: “Well, let’s get him straight on it. What was the value of *784 the entire property before the taking on September 14, 1966?
“A. Six thousand nine hundred dollars.
“THE COURT: Well, awhile ago, you said it was Seven thousand forty-seven.
“A. That is correct, with the improvements.
“THE COURT: The entire property ?
“A. Seven thousand forty-seven dollars.
“THE COURT: Well now * * * what would that property have brought immediately after the taking ?
“A. Four thousand five hundred and sixty dollars.-
“THE COURT: What is the total compensation, or just compensation in your opinion ?
“A. Two Thousand Seven Hundred Twenty-Seven Dollars.”
Then Mr. MacKenzie, the attorney for the county, continued questioning the witness as follows:
“Q. Now I think, Mr. Allen, you have ignored the fact that you have depreciated an additional piece of property that you did not get in that calculation, will you add that to your * * *
“A. Yes, sir. There is a small piece of land that was severed from the parent tract that was not taken, which was allowed Two Hundred and Fifty Dollars.
“Q. Well, now, then, you would say that would make the total compensation and change the value Two Hundred and Fifty Dollars, or a total compensation which you say he was entitled to Two Thousand Seven Hundred Twenty-Seven Dollars?
“A. That is correct.”
On cross examination Mr. Allen further testified:
“Q. Mr. Allen, you said that you made your first appraisal in 1964?
“A. 1964, yes.
“Q. Do you know the date of taking of this particular parcel ?
“A. The date of taking ?
“Q. Yes.
“A. September 14, 1966.
“Q. Two years later?
“A. Two years later.
“Q. Did you actually make another appraisal subsequent to * * *
“A. No, sir, we are required to review.
“Q. The figures that you gave the jury and the court today, were they the same figures that you calculated in 1964 ?
“A. That is correct.
“Q. They are not changed one bit, is that correct ?
“A. No, sir. No improvements have been made to the property.
«* * *
“Q. You did not make an independent appraisal of this property at the time of the taking did you, Mr. Allen?
“A. No, sir, not another appraisal, I just confirmed the appraisal I had already made.
“Q. In 1964, December?
“A. There had been no changes.
“ * * *
“Q. Did you know of any improvements or did you probe to find if there were any improvements other than those that you indicated here today in court on that particular parcel as of the date of taking?
“A. I know of no further improvements.
*785 “Q. Did you ask anyone that owned the property or ever used the property?
“A. I went over the property and no sign of any additional improvements.”
We conclude from the scattered testimony set forth above that the appraisal witness, Mr. Allen, after his first appraisal, checked on the property to determine the value as of the date of the taking and that the court made no error in refusing to strike the witness’ testimony.
Finding no error in the record, we affirm the judgment below and the denial by the court below of the appellants’ motion for new trial.
Affirmed.
HOBSON and MANN, JJ., concur.