498 So.2d 1253 (1986)
DEPARTMENT OF TRANSPORTATION, DIVISION OF ADMINISTRATION, Petitioner,
v.
Clara E. JIRIK, Respondent.
No. 67362.
Supreme Court of Florida.
December 11, 1986.
*1254 Robert I. Scanlan and Franz E. Dorn, Appellate Attys., Ella Jane P. Davis, Trial Atty., and A.J. Spalla, General Counsel, Tallahassee, for petitioner.
Karl Beckmeyer, Tavernier, for respondent.
BARKETT, Justice.
We have for review Division of Administration, State Department of Transportation v. Jirik, 471 So.2d 549 (Fla. 3d DCA 1965), which expressly and directly conflicts with Di Virgilio v. State Road Department, 205 So.2d 317 (Fla. 4th DCA 1967), cert. dismissed, 211 So.2d 556 (Fla. 1968). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This matter arises from an inverse condemnation action in which respondent alleges that the state's construction of a wall along the border of her property constitutes a taking for which she is entitled to just compensation. The central issue before us is whether the trial court correctly treated respondent's property as three separate lots for purposes of determining whether a taking occurred.
Respondent Jirik owned five adjoining canal-front lots in Plantation Key, Florida. She sold one of the lots  lot five  some twenty years ago. In 1968, she entered into an agreement for a transfer of deed to lot four. Lots one, two, and three have remained vacant. These three parcels *1255 form a compact body bounded on the north by Freelan Road, on the east by Tavernier Creek, on the south by Darmy Canal, and on the west by lot four.
In 1978, the Florida Department of Transportation built a bridge over Tavernier Creek and onto Freelan Road. The retaining wall built by the department completely blocks access to and from lot one to Freelan Road, and partially obstructs access to and from lot two to the road. No part of the structure, however, actually trespasses onto any of Jirik's land. Nevertheless, access to lot one from Freelan Road is only possible by crossing lot two.
Jirik instituted inverse condemnation proceedings seeking damages for the substantial diminution in the value of lot one resulting from the loss of access to and from that lot to Freelan Road. In response, the Department of Transportation argued that lots one, two and three are a single tract for condemnation purposes, and since the retaining wall does not substantially interfere with access to the entire parcel, there has been no compensable taking. The trial court rejected the department's argument, found that the three lots were indeed separate, and concluded that although there existed no diminution of access to lot two, there had been a taking through loss of access to lot one for which compensation was owed. On appeal, the district court affirmed the trial court's ruling. We approve that decision.
It is well established that government action which eliminates direct access to real property amounts to a taking for condemnation purposes. See, e.g., State Department of Transportation v. Stubbs, 285 So.2d 1 (Fla. 1973); City of Orlando v. Cullom, 400 So.2d 513 (Fla. 5th DCA), review denied, 411 So.2d 381 (Fla. 1981). On the facts of this case, the determination as to whether or not access has been eliminated rests solely on whether Jirik's three adjoining parcels are separate and independent or a single tract. We agree with the district court that the factors to be considered in making such a determination are physical contiguity, unity of ownership, and unity of use. See, e.g., Mulkey v. Division of Administration, State Department of Transportation, 448 So.2d 1062, 1065 (Fla. 2d DCA 1984); County of Volusia v. Niles, 445 So.2d 1043, 1047 (Fla. 5th DCA 1984). Although the three-factor test is usually applied in the context of eminent domain proceedings in which severance damages[1] are in dispute, we find it equally appropriate here. The critical issue in the severance cases  whether allegedly discrete parcels are in fact one tract for purposes of determining a compensable taking  is identical to the issue in this case.[2]
The three factors are not inflexible but rather are working rules courts have adopted to do substantial justice. Cf. United States v. Miller, 317 U.S. 369, 375-76, 63 S.Ct. 276, 280-81, 87 L.Ed. 336 (1943). Thus, the respective importance of each factor depends upon the fact situation in individual cases. The factor most often controlling, however, in determining whether land is a single tract is unity of use.[3] *1256 Barnes v. State Highway Commission, 250 N.C. 378, 384, 109 S.E.2d 219, 225 (1959). See United States v. Honolulu Plantation Co., 182 F.2d 172, 179 (9th Cir.), cert. denied, 340 U.S. 820, 71 S.Ct. 51, 95 L.Ed. 602 (1950); Baetjer v. United States, 143 F.2d 391, 395 (1st Cir.), cert. denied, 323 U.S. 772, 65 S.Ct. 131, 89 L.Ed. 618 (1944); City of Winston-Salem v. Tickle, 53 N.C. App. 516, 524, 281 S.E.2d 667, 671 (1981), review denied, 304 N.C. 724, 288 S.E.2d 808 (1982).
In this case, it is undisputed that the three parcels are physically contiguous and are all owned by Jirik. The parties disagree, however, as to whether the three parcels have been used separately or have been treated as a single unit. Thus, the determination of whether Jirik's land is a single tract turns on whether the land enjoyed unity of use.
There is conflicting authority as to whether a presumption should apply when determining whether the unity of use factor applies to lots, such as those in the case as bar, which although vacant, are part of an established subdivision layout. The department relies on Di Virgilio for the proposition that contiguous lands which are only nominally divided are presumed to be one unit "unless actually devoted to such divergent uses that they take on the character of separate properties." 205 So.2d at 320. The district court below declined to apply Di Virgilio and adopted the presumption first established by Wilcox v. St. Paul & Northern Pacific Railway Co., 35 Minn. 439, 442, 29 N.W. 148, 150 (1886):
[I]n respect to city property, in fact unoccupied, but which appears to have been platted or divided into blocks and lots, nothing more being shown, the property should be treated as lots or blocks, intended for use as such, and not as one entire tract. Prima facie that character has been given to it by the proprietor. Presumably the division or platting was with a view to the use of the property, or to its disposal and ultimate use, in such subdivisions as have been made; and if any facts exist which might be considered sufficient to rebut this presumption, they should be disclosed.
We believe petitioner's reliance on Di Virgilio to be misplaced. In that case, which involved portions of a tract split by a roadway, the issue was whether the roadway divested the parcel of its unitary character. There was no evidence that the parcel was platted into lots nor did the owner object to treatment of the land as one unit at the trial. The Di Virgilio court in fact did find a "unity of highest and best use between the tracts," and that "the enjoyment of the parcel taken was reasonably and substantially necessary to the enjoyment of the parcel left." 205 So.2d at 320. We find Di Virgilio inapplicable.
After careful review of the relevant case law, we conclude, in agreement with the district court below, that the presumption set out in Wilcox is sound and that it is applicable to the facts of this case.[4] Presumptions affecting the burden of producing evidence[5] are established primarily to facilitate the determination of the action. Law Revision Council Note-1976, § 90.304, Fla. Stat. (1979). They are "expressions of experience" and are "designed to dispense with unnecessary proof of facts that are likely to be true if not disputed." Id. As we have noted above, if the land is actually occupied or in use, the unity of the use is the chief criterion in determining whether *1257 contiguous parcels are one unit or separate and independent. When property is, in fact, unoccupied, the question of whether separate lots are one unit is more difficult. Given the complexity and formalities of modern-day city planning, we believe that a presumption of separateness as to vacant platted urban lots is reasonable and would facilitate the determination of the separateness issue in the absence of contrary evidence. As one commentator has noted, considerable time and expense is necessary to bring a modern subdivision to the platting stage. Note, The Jirik Decision: Should Platting Raise a Presumption of Separateness in Inverse Condemnation Cases?, 15 Stetson L.Rev. 915, 937-38 (1986). Furthermore, an owner of one or more platted lots cannot easily abandon or disregard formally established divisions because planning boards, city commissions, and other governmental entities must approve such decisions. Id. at 938. Thus, the reason behind the presumption is stronger today than when the rule was first established in Wilcox. We therefore hold that vacant city property constitutes presumptively separate units if platted into lots. The presumption of separateness is, of course, rebuttable. Other factors relevant to unity of use, or the lack of it, have been adequately enumerated by the district court below, and do not warrant further consideration here.
Turning now to the case at bar, we note that the question of whether certain pieces or parcels of land are to be considered separate and independent for the purposes of determining entitlement to damages is generally held to be a question of fact.[6]See Sharp v. United States, 191 U.S. 341, 354, 24 S.Ct. 114, 117, 48 L.Ed. 211 (1903); United States v. 8.41 Acres of Land, 680 F.2d 388, 393 (5th Cir.1982); United States v. 3,276.21 Acres of Land, 194 F. Supp. 297, 302 (S.D.Cal. 1961). See generally, The Law of Nichols' Eminent Domain (Rev. 3d ed. 1985), § 14.26, at 14-649 to 654. Accordingly, unless the fact finder's determination as to unity or separateness is not supported by competent evidence or is clearly erroneous, that determination should not be overturned on appeal. See 8.41 Acres of Land, 680 F.2d at 393; Stipe v. United States, 337 F.2d 818, 821 (10th Cir.1964).
After reviewing the relevant evidence, the trier of fact below concluded that Jirik's three parcels do not enjoy a unity of use. That finding is supported in the record by substantial, competent evidence. The property was divided into separate parcels as part of an established subdivision plan. Of the five parcels originally owned by Jirik, two were sold separately. Each of the three remaining parcels faces the water on the one side, and had, prior to the erection of the retaining wall, direct access to a public road on the other. The parcels do not depend on one another for reasonable use. Each is of a workable size to accommodate a home or small business. Given the presumption of separateness and a complete lack of evidence to the contrary, the district court correctly declined to overturn the trial court's finding that the parcels are in fact separate units.
Accordingly, the district court decision upholding the trial court's findings is approved. The Fourth District's opinion in Di Virgilio, to the extent it conflicts with our holding herein, is disapproved.
It is so ordered.
ADKINS, BOYD, OVERTON and SHAW, JJ., concur.
McDONALD, C.J., dissents with an opinion, in which EHRLICH, J., concurs.
McDONALD, Chief Justice, dissenting.
I agree with the conclusions and remarks made by Judge Schwartz in his dissent in *1258 the decision under review. I therefore dissent from this opinion.
EHRLICH, J., concurs.
NOTES
[1] Severance damages are awarded when government condemns only a portion of a larger parcel. Sharp v. United States, 191 U.S. 341, 354, 24 S.Ct. 114, 117, 48 L.Ed. 211 (1903) (where the government condemns part of a parcel of land, damage to remainder is proper subject of award). Severance damages are awarded only when the part taken and the remainder are together a single parcel. Id. at 354-55, 24 S.Ct. at 117-18.
[2] This is in accord with the general principle that inverse condemnation actions are governed by the same rules that apply to eminent domain proceedings. See Breidert v. Southern Pacific Co., 61 Cal.2d 659, 663 n. 1, 394 P.2d 719, 721 n. 1, 39 Cal. Rptr. 903, 905 n. 1 (1964); Lanning v. City of Monterey, 181 Cal. App.3d 352, 226 Cal. Rptr. 258 (1986).
[3] The significance of the use factor is in keeping with the underlying rationale for awarding severance damages, i.e., that just compensation requires that the owner be put in as good a position pecuniarily as he would have occupied if his property had not been taken. Miller, 317 U.S. at 373, 63 S.Ct. at 279. If two parcels are, in fact, separated and devoted to different and inconsistent uses, the taking of one parcel will do no damage to the other. If, on the other hand, there is unity of use such that the parcels are functionally one, the taking of one parcel may result in serious damages to the other. 4A Nichols, The Law of Eminent Domain (Rev. 3d ed. 1985), § 14.26, 14-648 to 649.
[4] The district court below correctly noted that there is authority in other jurisdictions specifically rejecting the Wilcox presumption. See, e.g., Monongahela West Penn Public Service Co. v. Monongahela Development Co., 101 W. Va. 165, 132 S.E. 380 (1926); Alabama Central Railroad Co. v. Musgrove, 169 Ala. 424, 53 So. 1009 (1910); State, Department of Highways v. Mouledous, 200 So.2d 384 (La. Ct. App.), writ denied, 251 La. 36, 202 So.2d 653 (1967).
[5] The Florida Rules of Evidence recognize two types of rebuttable presumptions, one type affecting the burden of producing evidence, and the other affecting burden of proof because it declares or implements some strong social policy. See § 90.302, Fla. Stat. (1985). We are not concerned here with the latter type.
[6] Although the Seventh Circuit held in United States v. 105.40 Acres of Land, 471 F.2d 207 (7th Cir.1972), that this determination is one for the trial judge rather than the jury, the question is nonetheless a factual one.