LEVY, Judge.
Errol A. Eisenger and Norman M. Nier-enberg, as trustees of Midic Realty, Inc., owned nine contiguous lots totaling 1.4 acres. A 327 square foot area on one of the nine lots was condemned by the County for the purpose of providing a foundation for a metromover column. Prior to the date of the taking, six of the lots had three buildings on them and there was some evidence that the trustees had been marketing the entire nine lots for sale as a single unit or tract of land.
At the trial held to determine the amount of damage caused by the taking, two appraisers testifying on behalf of Dade County opined that severance damages should be based upon viewing the entire nine lots as constituting the “parent tract”. Based on this conclusion, one appraiser calculated the total compensation for the property, including severance damages, at $31,000, and the other arrived at a figure of $36,-650.
*500 The appraiser testifying on behalf of the trustees, however, considered only two lots as the “parent tract” for purposes of determining severance damages. He stated that he thought that the total damages were $145,600, based upon a diminution in value of $10 per square foot for the two lots that he felt constituted the “parent tract”. The jury returned a verdict awarding the trustees compensation and severance damages in the amount of $145,600. The County moved for a new trial, but that motion was denied. The County appeals, suggesting that the trial court erred in making two important rulings.
The County first argues that the trial court erred in refusing to strike the trustees’ appraiser’s testimony, as to severance damages, because that testimony was based upon a consideration of only two lots as constituting the “parent tract”. In support of this contention, the County cites to Department of Transp., Div. of Admin. v. Jirik, 498 So.2d 1253 (Fla.1986), where the Florida Supreme Court held that vacant city property which has been platted into lots presumptively constitutes separate units. While the County recognizes that this presumption of separateness can be overcome, the County argues that once the presumption was rebutted, then all nine of the lots should have been considered as the “parent tract”.
Where only a portion of a larger tract of land is condemned, severance damages may be awarded as to the remainder portion, if both the remainder portion and the condemned portion are part of a “single tract” or, in other words, the “parent tract.” The determination of what portion of property is to be considered the “parent tract” is made based upon the three factors of physical contiguity, unity of ownership, and unity of use. Jirik, 498 So.2d at 1255. Once the above-described “presumption of separateness” has been overcome, the question of how many of the “separate units” constitute the “parent tract” becomes a matter of proof to be resolved by the trier-of-fact. While the County is correct in arguing that the appellee herein cannot “arbitrarily” select two of the nine lots as constituting the “parent tract”, it is to the evidence presented at trial that the trier-of-fact must look to resolve the question of whether the “parent tract” consists of two lots, three lots, etc., or possibly, as the County suggests, all nine lots.
All of the lots in the present case were physically contiguous and owned by the same entity. Thus, the remaining and controlling factor to be established by the trustees, in order to rebut the presumption of separateness, was that of unity of use. There was evidence in the record that indicated that the two lots which were considered by the trustees’ appraiser, as the “parent tract”, did have a pre-existing unity of use, as a Rent-A-Car Agency that was located on both lots. We recognize that the County contests this point. However, the fact remains that it rests with the trier-of-fact to evaluate the evidence introduced during the trial.
As stated in Jirik, 498 So.2d at 1257: “[T]he question of whether certain pieces or parcels of land are to be considered separate and independent for purposes of determining entitlement to damages is generally held to be a question of fact.” It is obvious that the trial court correctly allowed the trustees' appraiser’s testimony to be presented to the jury. It was then a matter for the jury to determine, based upon the evidence presented, which lots enjoyed a common use for purposes of assessing what constituted the “parent tract” and, thereafter, to award damages accordingly.
In connection with the County’s second point, however, we agree with the County that the trial court erred in refusing to permit Dade County to cross-examine the trustees’ appraiser concerning a letter, seeking specific appraisal testimony, that was sent by the trustees to various appraisers/realtors. The letter described the property, offered to give “due credit” to an appraiser who would support the trustees’ position, and suggested as an example that “if the total property prior to the condemnation had a Fair Market Value of $100 per square foot but the overall effect of the condemnation reduces the Fair Market Value to say $90.00 per square foot, then a loss would be created of $10 *501 per square foot times the number of square feet in the entire parcel.” At trial, the appraiser’s description of the property that constituted the “parent tract” and his arrival at the $10 per square foot severance damage figure, which was identical to the figure suggested in the letter, exactly mirrored the position taken by the trustees.
This court has stated, on several occasions, that attorneys are to be given wide latitude in cross-examination of witnesses for the purpose of allowing the attorney to try to demonstrate the existence of interest, bias or prejudice on the part of a witness. Del Monte Banana Co. v. Chacon, 466 So.2d 1167 (Fla. 3d DCA 1985); Wooten v. State, 464 So.2d 640 (Fla. 3d DCA 1985); Hannah v. State, 432 So.2d 631 (Fla. 3d DCA 1983); A. McD. v. State, 422 So.2d 336 (Fla. 3d DCA 1982); D.C. v. State, 400 So.2d 825 (Fla. 3d DCA 1981). The letter in question constituted a valid area of inquiry relating to the credibility of the appraiser’s testimony, and his possible motive or interest in the outcome of the case.
Denying the County the right to explore this area with the witness, in the presence of the trier-of-fact, now requires a new trial. Accordingly, this cause is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.