COBB, Judge.
Brevard County [the “County”] appeals a final judgment following jury trial awarding appellees Canaveral Properties, Inc., Jacob Aaron Corporation, Security Escrow Corporation and the B.D.M. Financial Corporation [“Corporations”], severance damages in an eminent domain proceeding ensuing from the County’s condemnation of certain real property in order to extend Grissom Parkway. We reverse because we cannot agree with the trial court that there was sufficient evidence to support a jury finding that the corporations herein are the owners of a “parent parcel,” as that term is defined in Department of Transportation, Division of Administration v. Jirik, 498 So.2d 1253 (Fla. 1986).
The Jirik case concerned three parcels which were physically contiguous and all owned by one person, Clara E. Jirik. The sole issue in that ease was unity of use. The test enunciated in Jirik in regard to that factor was:
[I]f the land is actually occupied or in use, the unity of the use is the chief criterion in determining whether contiguous parcels *591 are one unit or separate and independent. When property is, in fact, unoccupied, the question of whether separate lots are one unit is more difficult. Given the complexity and formalities of modern-day city planning, we believe that a presumption of separateness as to vacant platted urban lots is reasonable and would facilitate the determination of the separateness issue in the absence of contrary evidence.
498 So.2d at 1256-1257.
In the instant case, the claim is that some 660 acres subdivided into 499 lots, creating a checkerboard configuration, with the lots owned by four separate corporations and held for sale as separate units, constitute a “parent parcel” so as to allow severance damages in an eminent domain proceeding. No cited case has ever extended the concept of a “parent parcel” to this magnitude. The 499 lots are physically separated by numerous easements and out parcels. Moreover, no evidence was adduced at trial of any joint venture, partnership agreement or other document creating any legal relationship between the corporations. Historically, the corporations have defined and treated these subdivision lots as individual parcels, and the filing of a condemnation action does not alter the fact that there is diversity of ownership, diversity of usage and an absence of contiguity.
We agree with the argument advanced by the County:
In this case, there is no unity of ownership between four separate and distinct corporations. The corporations were created for tax reasons and to limit liability. The Appellees themselves recognize different corporate interests by transferring title between the various corporations. Appel-lees should not be allowed to use the legal advantages of limited liability and tax advantages of the corporate form when it is convenient and ignore the corporate form when ignoring the corporation is more profitable.
The burden of proof at trial was on the corporations, as the condemnees, to establish severance damages. City of Ft. Lauderdale v. Casino Realty, Inc., 313 So.2d 649 (Fla.1975). That required them to show that, despite the physical separation and disparate ownership of these 499 lots, there was a proximity and an integration of use so substantial that the lots were in effect one lot. County of Volusia v. Niles, 445 So.2d 1043, 1047 (Fla. 5th DCA 1984); Di Virgilio v. State Road Department, 205 So.2d 317 (Fla. 4th DCA 1967), cert. discharged by, 211 So.2d 556 (Fla.1968). The condemnees failed to meet that burden in this ease.
A verdict should have been directed in the County’s favor on the “parent parcel” issue and judgment entered for the corporations in the amount of $226,200.00 since no rebuttal evidence of value on smaller parent tracts was presented.
REVERSED AND REMANDED FOR ENTRY OF JUDGMENT CONSISTENT WITH THIS OPINION.
DAUKSCH, J., concurs.
GRIFFIN, J., dissents, without opinion.