The Honorable Oliver Lowe Charlotte County Property Appraiser 18500 Murdock Circle Port Charlotte, Florida 33948-1076
Dear Mr. Lowe:
You ask substantially the following questions:
1. May the owner of a lot in a platted subdivision claim a homestead exemption on a lot he owns but which is separated from the lot on which his home is located by a platted public street?
2. Does the response to Question One change if the owner did not acquire the lots at the same time or if the street separating the lots was in existence at the time the owner acquired the lots?
In sum:
1. The owner of a lot in a platted subdivision may claim a homestead exemption on the lot which he owns but which is separated from the lot on which his home is located by a platted public street, provided the owner also holds title to the land under the road easement.
2. The response to Question One remains unchanged even if the owner of the lots acquired the lots at different times and the street separating the lots existed at the time the owner acquired the property.
You have advised this office that the developer of the subdivision, General Development Corporation, platted the subdivision with dedicated boulevards, drives, streets and waterways in 1957. The county accepted the platted subdivision the same year. In 1987, the taxpayer acquired two lots in the subdivision in which his house is located. The following year, the taxpayer acquired a third lot, which was separated from the other two lots by a platted street.
The question has been raised as to whether the homestead exemption extends to the lot separated from the owner's residence by the street. The county attorney's office has advised you that title to the land over which the platted street is located is not owned by the county. You state that the street is not taxed, and it is your position that there is a public easement over this street.[1]
As your questions are interrelated, they will be answered together.
Article VII, section 6(a), Florida Constitution, authorizes a homestead exemption from taxation for "[e]very person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner. . . ." Section 196.031, Florida Statutes, extends the homestead exemption, in addition to the home, to "contiguous real property."
The courts of this state have recognized that a tract of land detached from, or not contiguous to, the land claimed as a homestead is not part of the homestead exemption.[2] However, it has also been recognized that a homestead's contiguity is not destroyed if the adjoining lands are separated by a perpetual easement and the fee title to the underlying land remains in the homesteader.[3] For example, the Supreme Court of Florida in Buckels v. Tomer[4] concluded that the homestead exemption protected a homesteader's property from a forced sale where the property consisted of the homesteader's residence and abutting platted land and the platted lots were separated only by an easement.
In the instant inquiry, it appears from the information provided to this office that the developer filed a common law dedication to the roadway that was accepted by the county commission.[5] The county has advised that it does not own the fee to the roadway and you refer to the roadway separating the taxpayer's lots as an easement. Since it appears that the public only has an easement in the platted roadway, the property owner holds title to the middle of the roadway. Since the taxpayer owns lots on both sides of the easement with the fee title to each lot extending to the middle of the roadway, the taxpayer's lots are contiguous and, under the plain language of the Constitution and statutes, qualify for the homestead exemption.
The fact that the taxpayer purchased the lots on either side of the street after the street was in existence does not alter this conclusion. Section 196.031, Florida Statutes, applies the homestead exemption to "residential and contiguous property" without a limitation as to whether property is separated by an easement. As noted above, the courts have held that the existence of an easement does not destroy the contiguity of a homestead since the taxpayer continues to hold title to the property.
In Buckels v. Tomer,[6] a homesteader purchased unplatted property that consisted of the homestead and an adjoining piece of platted land from which lots had been sold by the predecessor in title. After purchasing the property, the homesteader continued to sell lots from the platted land while retaining ownership of other lots that were separated by streets. The Supreme Court of Florida determined that the mere platting of land did not destroy the contiguity of the land. Thus, the Court held that the homestead exemption prevented the forced judicial sale of the adjoining platted lots. Relying on the principle enunciated in Shone v. Bellmore,[7] the Court held that the property was contiguous and the fact that the homesteader may have acquired the property after some of the lots in the subdivision had been sold by his predecessor in title was "quite without legal significance."[8]
The Court also rejected the argument that the platted lots should not be included because the lots were never actually used for homestead purposes but were held for speculation:
Some suggestion is made in the brief of appellant that because the subdivision lots held by the plaintiff were never actually used by him for homestead purposes, but were held only for the purposes of speculation or resale, they could not acquire a homestead status, but this contention must also be rejected.[9]
Thus, preexisting easements are not barriers that destroy the homestead contiguity requirement.
The term "contiguous" is generally defined as touching, meeting or joining at the surface or border; close together; neighboring; bordering or adjoining.[10] Thus, if two property lines meet, the properties are contiguous. In the instant inquiry, the property lines of the taxpayer's lots are bordered by the roadway in which there is a public easement; the property lines of such lots, therefore, appear to extend to the middle of the roadway. Thus, the taxpayer's lots, which are directly across the platted street from each other and whose property lines meet in the middle of the street, are contiguous.[11]
Accordingly, I am of the opinion that the Florida Constitution and statutes authorizing a homestead exemption for a "residence and contiguous real property" permit the owner of a lot in a platted subdivision to include within the homestead exemption a lot that he owns but that is separated from the lot on which his residence is located by a platted public street, provided that title to the land under the roadway in which the public has an easement is held by the owner and not by a third party.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] The determination as to whether an easement has been granted or title conveyed presents a mixed law and fact question that this office cannot resolve. Under Florida law, the public may acquire rights to use a road in three ways. First, the public may acquire a prescriptive right in which the public acquires the right to travel across the land but the landowner retains title. See, Downing v. Bird, 100 So.2d 57, 64 (Fla. 1958). Second, the public may acquire easement rights to the roadway by a commonlaw dedication. See, Bonifay v. Dickson, 459 So.2d 1089, 1094 (Fla. 1st DCA 1984), citing, 2 R. Boyer, Florida Real Estate Transactions, s. 30.02 (1984). Third, the public may acquire rights to a roadway through statutory means such as a statutory dedication, eminent domain or purchase. See, e.g., s. 95.361, Fla. Stat., providing for statutory dedication.
[2] See, Milton v. Milton, 58 So. 718, 719 (Fla. 1912), citing Brandies v. Perry, 22 So. 268, 270 (Fla. 1897). And see, Di Virgilio v. State Road Department, 205 So.2d 317, 320 (Fla. 4th DCA 1967), disapproved on other grounds, Department of Transportation, Division of Administration v. Jirik,498 So.2d 1253 (Fla. 1986) (where two tracts were separated by a highway owned by the state in fee and there was no preexisting direct access across the roadway, the two tracts were held not to be adjoining notwithstanding that both were used for the same purpose); Op. Att'y Gen. Fla. 68-86 (1968).
[3] See, Shone v. Bellmore 78 So. 605, 606 (Fla. 1918) (mere platting of property owned and occupied by the homesteader and the sale of lots according to such plat, is not sufficient to destroy the homestead character of the unsold property where the unsold lots are "contiguous, lying in a body, and each piece thereof [is] adjacent to some other part or parcel).
[4] 78 So.2d 861 (Fla. 1955).
[5] See, Downing v. Bird, supra (common law dedication if facts show landowner's intention to dedicate land for public use, which may be implied by filing of a plat designating roadways or by the platting of land and selling of lots, and acceptance of offer which may be expressed or may be implied from such things as use by public or maintenance and improvement by proper authorities).
[6] 78 So.2d 861 (Fla. 1955).
[7] And see, Shone v. Bellmore, 78 So. 605 (Fla. 1918), stating that an easement of passageway granted between two lots does not prevent the lots from being contiguous.
[8] 78 So.2d at 865.
[9] Id.
[10] Black's Law Dictionary Contiguous p. 320 (6th rev. ed. 1990).
[11] Cf., Brandies v. Perry, 22 So. 268 (Fla. 1897), in which the Court concluded that the property was not entitled to the homestead exemption, not because it had been purchased at a different time than the land on which his home was located but because it was not contiguous to that land. The homesteader had purchased 75 acres of land that he cultivated, and then purchased an additional four acres on which he built a dwelling in which he resided. The four acres were situated about 400 yards from the other land, and between these two areas were situated other tracts not owned or occupied by the homesteader.