701 So.2d 1249 (1997)
Donald L. JOYNT and Amy M. Joynt, Appellants,
v.
ORANGE COUNTY, Florida, etc, Appellee.
No. 97-432.
District Court of Appeal of Florida, Fifth District.
December 5, 1997.
*1250 Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for Appellants.
Lynn P. Porter-Carlton, Assistant County Attorney, Orlando, for Appellee Orange County, Florida.
HARRIS, Judge.
In this eminent domain case, the property owner is seeking business damages. The sole issue presented by the parties is whether the term "right-of-way" contained in section 73.071(3)(b), Florida Statutes, is limited to a road right-of-way, as found by the trial court, or whether the term may include right-of-way easements for drainage facilities as urged by the property owner. We find the term "right-of-way" as used in this section is not confined to road takings and reverse.
First, although not raised specifically by either party, it appears that the statute itself requires business damages any time a business of more than five years duration is damaged by the taking of only a portion of the parent tract. The statute, with surplus language removed, provides as follows:
(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
* * * * * *
(b) Where less than the entire property is sought to be appropriated, ... and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the parties whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause....
Section 73.071(3)(b) contemplates two types of possible severance damages from a partial takingdamages caused to the remainder and damages caused to a business which has existed for at least five years. The business damage provision of the subsection is as set out above. The clause which is excluded from the above quote, "any damages to the remainder caused by the taking including, when the action is by the Department of Transportation, county, municipality, board, district, or other public body for the condemnation of a right-of-way," relates to damages to the remainder. It appears that both types of severance damage may be off-set by the betterment caused by the improvements under the provisions of section 73.071(4).
Subsection 4 of section 73.071 makes it clear that the legislature recognized that the term "right-of-way" has an all-inclusive definition. It speaks of a "road, canal, levee, or water control facility right-of-way." (Emphasis added.) It appears, therefore, that had the legislature intended to limit subsection 3 severance damages to a "road" right-of-way condemnation, it would have done so in plain language.
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.