714 So.2d 1222 (1998)
BLOCKBUSTER VIDEO, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 97-01522.
District Court of Appeal of Florida, Second District.
August 12, 1998.
*1223 Thomas R. Bolf and John R. Keller of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellant.
Pamela S. Leslie, General Counsel, and Vance W. Kidder, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellee.
ALTENBERND, Judge.
Blockbuster Video appeals a final judgment in an eminent domain proceeding. The trial court entered summary judgment against Blockbuster on its claim for business damages because Blockbuster had not been in business for five years in precisely the same location. We reverse this aspect of the final judgment because the modest relocation of the Blockbuster store was not sufficient to deprive it of a claim for business damages pursuant to section 73.071(3)(b), Florida Statutes (1995).
At all relevant times since 1989, Blockbuster or its legal predecessor has operated a video store in leased space at 3571 South Florida Avenue in Lakeland, Florida. Initially, the store was located in a large strip mall. The rental space was at one end of the strip mall and fronted on South Florida Avenue. The store was separated from the street by a parking lot that was approximately 300 feet wide. In 1993, the landlord decided to sell the center to Wal-Mart, which planned to demolish the structure and build its own store. In selling this property, the landlord arranged to keep title to one or more outparcels in the area that had been the parking lot for the original center. The landlord negotiated a new lease with Blockbuster for a new building, which was to be built on an outparcel immediately in front of the space then being used as the Blockbuster store. The landlord built the new store; Blockbuster moved its inventory a few feet from one space to the other; and the old building was torn down. Blockbuster had a sign on the outparcel before the move that was relocated approximately fifty feet. After this move, customers had similar access to the store and still parked in the same general area of the mall, as authorized by a reciprocal access agreement with Wal-Mart. The store had the same address, the same telephone number, the same employees, and the same base of customers. The move was conducted so rapidly that the store closed for only a few hours. From a practical perspective, the Blockbuster store simply moved about 135 feet closer to South Florida Avenue.
In November 1995, as part of a road-widening project on Florida Avenue, the Department of Transportation (DOT) took a portion of the outparcel, as well as a portion of the Wal-Mart property. The DOT demolished approximately one-third of the Blockbuster store, and substantially reduced the available parking. As a result, Blockbuster requested statutory business damages for "an established business of more than five years' standing." § 73.071(3)(b), Fla. Stat. (1995). The trial court reluctantly concluded that it must deny Blockbuster's claim for business damages because it had not operated from the same location for the preceding five years.
Section 73.071(3)(b) provides that compensation in an eminent domain proceeding shall include:
Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, ... and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; ...
We must begin our analysis of this statute by recognizing that statutory business *1224 damages are a matter of "legislative largess," and not a constitutional obligation. See Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc. 444 So.2d 926, 928 (Fla.1983); Mulkey v. Division of Admin., State of Fla., 448 So.2d 1062 (Fla. 2d DCA 1984). Statutes granting such a claim against the state are in the nature of a waiver of sovereign immunity and must be strictly construed in favor of the state. See K.E. Morris, 444 So.2d 926. Section 73.071, however, has long been interpreted to include the business damage claim of a lessee, and not merely that of a fee owner. See State Rd. Dep't v. White, 161 So.2d 828 (Fla.1964), aff'g 148 So.2d 32 (Fla. 2d DCA 1962).
In this case, whether one examines the configuration of the landlord's ownership and Blockbuster's leasehold interest in 1989 or in 1995, less than the entire property was being taken and the business was located upon adjoining lands. A plain reading of the statute does not support a theory that the five-year clock must restart whenever an existing business replaces its commercial building with a newer building on some portion of the same parcel of commercial real property. Wal-Mart's purchase of a portion of this property should not require Blockbuster to begin a new five-year period. Under section 73.071(3)(b), Blockbuster must establish that it has operated a business continuously at the same location for more than five years' standing. However, the five-year requirement as "seen in light of the legislative purpose, obviously refers to the length of time the business has operated at the location where business damages are claimed to have been incurred due to the condemnation of adjoining land." K.E. Morris, 444 So.2d at 929. Any reasonable definition of "location" creates only one location for Blockbuster under the facts in this case.
DOT argues that the trial court's ruling is correct because the old Blockbuster location is now in Wal-Mart's "parent tract" and not in the current parent tract for Blockbuster and its landlord. "Parent tract" is not a term that is defined or even used in chapter 73. Case law uses this term, typically when discussing severance damages, to describe the single tract of land that incorporates both the condemned land and the owner's remainder portion at the time of the taking. See Dade County v. Midic Realty, 551 So.2d 499 (Fla. 3d DCA 1989).[1] Especially when an owner holds title to several adjoining parcels, issues arise concerning the land included within the parent tract. See Department of Transp. v. Jirik, 498 So.2d 1253 (Fla.1986).
Although severance damages and business damages are both described in section 73.071(3)(b) and are interrelated concepts, they are not identical. See Mulkey, 448 So.2d 1062; see also William G. Earle and Bruce D. Page, "Compensation," Florida Eminent Domain Practice and Procedure, The Florida Bar Continuing Legal Education, § 9.23 (5th ed.1996). Severance damages are a constitutional element of compensation in an eminent domain proceeding, not a statutory claim. See Daniels v. State Rd. Dep't, 170 So.2d 846 (Fla.1964). "Parent tract" may be a useful concept when assessing constitutional damages at the time of the taking, but we are unconvinced that there is any statutory requirement that a business's "parent tract" must remain unchanged for the five years preceding the taking to allow for business damages. Cf. Hooper v. State Rd. Dep't, 105 So.2d 515 (Fla. 2d DCA 1958) (no requirement that ownership must remain unchanged for five years); Hodges v. Division of Admin., State, Dep't of Transp., 323 So.2d 275 (Fla. 2d DCA 1975) (same); Hicks v. State, Dep't of Transp., 541 So.2d 1309 (Fla. 4th DCA 1989) (same). Under the facts of this case, it is enough that the owner or holder operate the business for five years on property adjoining the land that is taken.
*1225 Accordingly, we reverse the judgment and remand for trial by jury on Blockbuster's business damage claim. Blockbuster has also requested that we order the trial court to enter summary judgment in its favor on the issue of entitlement to business damages. Although Blockbuster may ultimately be entitled to a summary judgment on the issue of its entitlement to these damages, we decline to make that ruling on appeal.
Reversed and remanded for further proceeding consistent with this opinion.
CAMPBELL, A.C.J., and FULMER, J., concur.
NOTES
[1] A Westlaw search for the term, "parent tract," reveals that it was first used in Hungerford v. State Rd. Dep't, 212 So.2d 782 (Fla. 2d DCA 1968), and has not always been used in all subsequent cases discussing the single tract issue. For example, the term is not used in Department of Transp. v. Jirik, 498 So.2d 1253 (Fla.1986). The term is used in Joynt v. Orange County, 701 So.2d 1249 (Fla. 5th DCA 1997), when discussing a claim for business damages, but the holding and analysis in that case do not conflict with our ruling in this case.