303 So.2d 75 (1974)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
J. P. SHAW and Claudie L. Shaw, Appellees.
No. T-336.
District Court of Appeal of Florida, First District.
November 19, 1974.
*76 Geoffrey B. Dobson and Barbara Ann Dell McPherson, Tallahassee, for appellant.
D. Michael Chesser, of Moore, Dewrell, Anchors & Kessler, Valparaiso, for appellees.
BOYER, Judge.
Appellees, hereinafter referred to as Shaws, owned 60 acres of property, approximately three acres of which were condemned and taken by appellant, hereinafter referred to as DOT. On Shaws' property was located a house, barn, various outhouses, fruit trees and timber.
Prior to condemnation DOT's agent, Hayes, the District Relocation Agent for the Third District, negotiated with Shaws incident to relocation allowance, delivering to Shaws a booklet entitled "Your Relocation". Hayes also delivered to Shaws a written statement of eligibility. Shaws were informed by Hayes, and by the booklet and application above mentioned, that Shaws' home was appraised at $6,304.00 and Hayes determined that it would cost $2,029.00 more than that for Shaws to obtain standard housing under the Federal Act, Title 23. Hayes explained that this amount would be paid immediately to Shaws if Shaws would sign the application for Replacement Housing Allowance. DOT's appraisal of total damages to Shaws' property, including the value of the property actually taken (which included the home) and severance damages amounted to $12,800.00. Shaws refused to accept DOT's appraisal and offer, resulting in an eminent domain proceeding at the conclusion of which the jury returned a verdict for Shaws in the sum of $18,275.00.
The only evidence of value of Shaws' home which was introduced in the eminent domain proceeding was DOT's appraisal of $6,304.00. Shaws did not contest that valuation nor the evidence thereof.
Following the eminent domain proceeding Shaws sought to obtain the replacement housing allowance in the sum of $2,029.00. DOT took the position that inasmuch as 52% of its original appraisal and offer was allocated to the value of the home, the jury verdict of $18,275.00 should be so apportioned, reasoning therefore that $9,503.00 of the jury verdict was attributable to the home. (The verdict was a lump-sum verdict, not apportioned among the several items of damage.) By comparing said amount with the previously determined value of "comparable, decent, safe and sanitary replacement housing" of $8,333.00, it was determined that no replacement housing payment was due. Shaws, on the other hand, contend that inasmuch as the only evidence relative to value of the home which was adduced in the eminent domain trial was DOT's evaluation of $6,304.00 (its initial appraisal and the basis of its initial offer) that valuation should be considered the amount that the *77 jury returned for the home and that therefore Shaws were entitled to the replacement housing allowance of $2,029.00. Upon DOT refusing to make such payment suit was filed in the lower court for said sum. At the trial evidence in support of the above recited facts were introduced. Hayes testified that the replacement housing payment of $2,029.00 remained a bona fide offer under the relocation assistance procedure as long as the value of the residence and site placed on the property by the Department remained the same. At the conclusion of the trial judgment was entered in favor of Shaws in the sum of $2,029.00 but Shaws' motion for attorneys' fees was denied. DOT now appeals the award and Shaws cross-appeal the denial of attorneys' fees.
We conclude that the trial judge was eminently correct in entering judgment for Shaws. The only evidence adduced in the eminent domain proceeding as to the value of the home, which is the sole basis for a replacement housing allowance, was that adduced by DOT. It is axiomatic, requiring no citations of authority, that under such circumstances the jury was without authority to award any less or any more for that particular item, there being no contradictory evidence and no attack upon the validity of the evidence adduced.
However, the trial court erred in failing to award attorneys' fees to Shaws' attorneys.
The suit giving rise to this controversy was ancillary to, and a direct outgrowth of the eminent domain proceeding. There would never have been any occasion for even a discussion of replacement housing allowance but for the taking of Shaws' property by DOT. Had DOT paid the replacement housing allowance there would have been no occasion for the proceeding sub judice. The proceeding below, and this appeal, arise out of and are incident to the initial eminent domain proceeding. Shaws are entitled to be paid by DOT all reasonable costs incurred in the proceeding below and incident to this appeal, including a reasonable attorneys' fee to be assessed by the court. (F.S. 73.091) The trial court is better equipped to hear evidence and make such a determination than are we. This case is therefore remanded for that purpose.
It is so ordered.
Affirmed in part and reversed in part.
RAWLS, C.J., and McCORD, J., concur.