THOMPSON, Judge.
The State of Florida, Department of Transportation (DOT), appeals an order which awarded Beta Developers, Inc. (BETA) a total of $165,000 in attorney’s fees in an eminent domain proceeding. DOT contends: (1) the trial court lacked jurisdiction to award attorney’s fees for the administrative hearing and subsequent appeal; (2) the trial court abused its discretion in awarding attorney’s fees in an eminent domain proceeding for services performed in an administrative action; and (3) the trial court abused its discretion in awarding an excessive attorney’s fee. We disagree and affirm.
On April 16, 1986, DOT filed a Map of Reservation which prohibited the City of Jacksonville from issuing any building permits in a particular project area. The effect of the Map of Reservation was to freeze for five years any development of the area in question, and it granted DOT the ability to extend the freeze for another five years thereafter. BETA, the owner of one of the parcels in the project, had already begun preliminary development plans for the land and therefore retained counsel to inquire into the matter.
BETA’S attorneys were unable to obtain any definitive plans from DOT, and BETA therefore requested a formal administra *556 tive hearing in order to force DOT to either go forward with the acquisition of the property or to abandon the project as it affected BETA’S property. BETA hired engineers and appraisal experts to conduct studies and to prepare reports which illustrated the loss of use of the property.
On November 24, 1986, a Final Order from the Division of Administrative Hearings was entered which stated that DOT acted legally in the acquisition process, but which failed to address the issue of denial of all beneficial use of the property to the owner. Therefore, on February 24, 1987, BETA appealed that order to this court. On June 11, 1987, DOT filed a motion to dismiss the appeal on the grounds that a Complaint in Condemnation had been filed June 4, 1987. BETA subsequently filed a motion for attorney’s fees and costs; however, this court on July 21, 1987, dismissed the appeal and denied attorney’s fees. On July 26, 1988, BETA and Southside Mini Warehouse (Southside), the owners of another parcel in the project, filed a motion to assess attorney’s fees.
The cause proceeded to a fee and cost hearing on August 19, 1988, in which the trial judge heard testimony from both parties as to a reasonable fee. Tyrie A. Boyer testified for the appellees that a reasonable attorney’s fee for the representation would range from $158,646 to $225,900. In addition, he testified that $165,000 was a reasonable fee regardless of whether the hours spent by counsel in the administrative proceedings in this case was considered or not, since nonmonetary benefits, including the obtaining prompt filings of a judicial action by DOT and its written agreement with BETA identifying and granting specific access to BETA’S remaining property, were obtained by counsel.
Ross Stanton, testifying as a witness on behalf of DOT, opined that a reasonable attorney’s fee was $93,500, if all hours are considered, and $62,350 if the hours spent in the administrative proceedings were excluded. The trial court entered an order awarding $115,500 in attorney’s fees to BETA’S attorneys and $49,500 attorney’s fees to Southside’s attorney.
This case involved a multi-stage process of the acquisition of BETA’S property by DOT. Once it became apparent that BETA would not be able to develop the property it proceeded to immediately take appropriate steps to either hurry along the condemnation proceeding or to eliminate its property from the project. The record shows that the administrative proceedings were an integral part of the condemnation proceedings. DOT stated to this court, in its objection to BETA’S motion for attorney’s fees in the appellate case, that its claim for attorney’s fees would be considered at the conclusion of the condemnation proceeding. Even if an attorney’s fee was not due for the preliminary work that expedited the condemnation, there is competent substantial evidence to support a total attorney fee award to BETA and Southside of $165,000. The judgment therefore is AFFIRMED.
BOOTH and SMITH, JJ., concur.