586 So.2d 452 (1991)
Marjorie SCHICK, Robert Schick, Buck Hull, and Dot Hull Shaw, Appellants,
v.
FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES and Doyle Conner, as Commissioner of Agriculture of the State of Florida, Appellees.
No. 89-2759.
District Court of Appeal of Florida, First District.
September 18, 1991.
Rehearing Denied October 23, 1991.
Randall Denker of Lehrman and Denker, Tallahassee, for appellants.
Harry Lewis Michaels, Dept. of Agriculture and Consumer Services, Tallahassee, for appellees.
ZEHMER, Judge.
We review by appeal an order denying appellants' application for an attorney's fee for services rendered in this mandamus action to enforce an unappealed final judgment rendered in an inverse condemnation suit against the Department of Agriculture and Consumer Services. We hold that such services fall within the scope of sections 73.091 and 73.131, Florida Statutes (1989), and that appellants did not withdraw or *453 waive their right to recover such fees in making the agreement to withdraw the mandamus action in return for the Department's promise to pay the judgment.
This matter was previously before the court in Schick v. Florida Dept. of Agriculture, 504 So.2d 1318 (Fla. 1st DCA), rev. denied, 513 So.2d 1060 (Fla. 1987). After remand, the trial court entered judgment for appellants in their inverse condemnation action against the Department. Although the time for appeal of that judgment expired, the Department declined to pay it, so appellants instituted this action for a writ of mandamus to compel the Department to comply with the judgment. The petition for mandamus contained a prayer for attorney's fees, pursuant to sections 73.091 and 73.131, Florida Statutes (1989), for the services of appellants' attorneys rendered in this action to enforce the judgment. Eventually the parties entered into an agreement under which the Department agreed to pay the judgment in periodic payments. The only mention of attorney's fees in the agreement related to those services in the prior condemnation action and in a pending appeal. The agreement provided that appellants would voluntarily withdraw the mandamus action, but no mention was made as to the disposition of their claim for attorney's fees and costs in the mandamus petition. Appellants filed a notice with the trial court withdrawing "all portions of their mandamus lawsuit in the above-styled cause with the exception of their request for costs and attorney's fees." The matter came on for hearing and the trial court denied the claim for attorneys' fees, stating that County of Volusia v. Pickens, 435 So.2d 247 (Fla.5th DCA), rev. denied, 443 So.2d 980 (Fla. 1983), relied on by appellants, "is not authority for the award of attorney's fees in mandamus cases."
The trial court erred in denying an award of attorney's fees in this case. The mandamus action was made necessary by the Department's refusal or failure to pay the judgment after it became final. This mandamus action was, therefore, an integral part of the condemnation proceeding. It may properly be characterized as a proceeding supplemental or ancillary to the condemnation suit necessarily filed to obtain full compensation for the taking of appellant's property as guaranteed by section 6, article X of the Florida constitution. See State of Florida, Dept. of Transportation v. Beta Developers, Inc., 554 So.2d 555 (Fla. 1st DCA 1989), rev. denied, 564 So.2d 486 (Fla. 1990). Full compensation within the meaning of that constitutional provision includes payment of attorney's fees necessary to enforce the condemnees' rights. §§ 73.091 and 73.131, Fla. Stat. (1989); State Road Dept. v. Lewis, 190 So.2d 598 (Fla. 1st DCA), cert. denied, 192 So.2d 499 (Fla. 1966). As this court previously stated in Orange State Oil Co. v. Jacksonville Expressway Authority, 143 So.2d 892 (Fla. 1st DCA 1962):
It is noted from the above quoted section of the statute that the legislature has provided for all costs of eminent domain proceedings to be paid by the petitioner. This provision is all inclusive, and contains no exception as to costs incurred after trial. It applies to all such necessary costs as may be incurred by the parties in procuring a final adjudication of their rights, irrespective of whether such costs are incurred during the first or second stage of the proceedings contemplated by the statute.
The Constitution provides that private property may not be appropriated for public use without the payment of just compensation. The judicial history of eminent domain proceedings clearly indicates that the courts have been ever vigilant to fully protect the interest of persons whose property is taken through eminent domain proceedings. It has been held that under the just compensation guarantee of the Constitution the law will not permit the amount awarded an owner to be diminished by the requirement that he bear the cost of employing expert witnesses required to testify on his behalf at the trial. The same rule is applicable to other costs reasonably incurred by owners in defense of this type action. All such fees and costs must be borne by the petitioner.
143 So.2d at 895-96 (footnotes omitted). It is now settled that attorney's fees are recoverable *454 in inverse condemnation proceedings. County of Volusia v. Pickens, 435 So.2d 247. Attorney's fees incurred in proceedings in the trial court and on appeal that arise out of and are ancillary to the original proceeding in condemnation are similarly payable by the state pursuant to sections 73.091 and 73.131. See State Dept. of Transportation v. Shaw, 303 So.2d 75 (Fla. 1st DCA 1974); City of Jacksonville v. Schumann, 223 So.2d 749 (Fla. 1st DCA 1969). Accordingly, we hold that attorney's fees are payable by the Department to appellants in this mandamus action to enforce the judgment obtained in the primary eminent domain action.
The Department argues, however, that the parties' agreement to withdraw this mandamus action terminated appellants' rights to recover attorney's fees even if authorized by statute. We reject this contention because that agreement contains no provision relating to costs and attorney's fees in the mandamus action. The substance of the agreement dealt with the payment of the judgment already obtained and the costs and attorney's fees directly awarded in connection with that judgment. We decline to construe the agreement's silence on appellants' claim for attorney's fees as a withdrawal or waiver thereof. Moreover, we note that this was not the ground for denial of attorney's fees stated by the trial court.
The appealed order is reversed and this cause is remanded for the trial court to set the amount of a reasonable attorney's fee for the services of appellants' attorneys in this proceeding in the trial court. Appellants' motion in this court for the award of attorney's fees for the services of their attorney on this appeal is also granted pursuant to section 73.131(2). The amount of a reasonable fee for such services shall be determined by the trial court on remand.
REVERSED AND REMANDED.
MINER and ALLEN, JJ., concur.