676 So.2d 451 (1996)
SEMINOLE COUNTY, Appellant,
v.
S. Clark BUTLER, et al., Appellee.
No. 94-2872.
District Court of Appeal of Florida, Fifth District.
May 24, 1996.
Rehearing Denied July 16, 1996.
*452 Lonnie N. Groot, Deputy County Attorney, and Henry M. Brown, Assistant County Attorney, Sanford, for Appellant.
Kenneth W. McIntosh and Catherine D. Reischmann of Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons, P.A., Sanford, and Will J. Richardson of Richardson Law Offices, P.A., Tallahassee, for Appellee S. Clark Butler.
J. Christy Wilson III of Wilson, Leavitt & Small, P.A., Orlando, for Appellees Superwash Systems, Inc. and Florida Express Lubes, Inc.
ANTOON, Judge.
Seminole County (County), appeals the final order awarding attorneys' fees in this eminent domain action, arguing that the trial court erred as a matter of law in calculating the awards. Because the trial court failed to calculate the fees in accordance with section 73.092, Florida Statutes (1993), we must reverse.
The County filed a petition in eminent domain to take real property owned by S. Clark Butler (Butler). Because Butler had leased parcels of the property to Superwash *453 Systems, Inc. (Superwash), and Florida Express Lubes, Inc. (Express), they were also parties to the action.
As a result of pretrial negotiations, the parties entered into a settlement agreement whereby the County agreed to pay a total of $1,585,000 for the property. Specifically, the County agreed to pay the parties as follows: (1) Butler, $1,075,000; (2) Superwash, $450,000; and (3) Express, $60,000. The trial court accepted the parties' settlement agreement, incorporated the agreement into the final judgment, and reserved jurisdiction to determine attorneys' fees and costs.
Butler, Superwash, and Express thereafter filed motions to assess attorneys' fees pursuant to section 73.092, Florida Statutes (1993). Attorney J. Christy Wilson III sought an award of fees for his representation of Superwash and Express, and Attorneys Kenneth W. McIntosh and James J. Richardson sought fee awards for their representation of Butler. The trial court awarded fees to each attorney, but in so doing, the court used a different formula to calculate each award.
Using a formula derived from Solid Waste Authority of Palm Beach County v. Parker, 622 So.2d 1010 (Fla. 4th DCA 1993), the trial court awarded Mr. Richardson $134,948.17 in fees. In calculating this fee, the court first applied the lodestar considerations of time expended multiplied by a reasonable hourly rate. The court then added the lodestar fee to a weighted percentage of the "benefit" received in the case, yielding a fee award which calculates to a rate of $551 per hour. Section 73.092(1)(a), Florida Statutes (1993), defines "benefit" as:
... the difference between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
Mr. Wilson's fee was established by applying a slightly different version of the "Parker Formula." The trial court calculated a lodestar fee, then added a bonus which included a percentage of the benefit received in the case. Pursuant to this formula, Mr. Wilson was awarded $117,045.20 in fees, a sum which calculates to compensation at the rate of $525 per hour.
Recently, in Seminole County v. Clayton, 665 So.2d 363 (Fla. 5th DCA 1995), and Seminole County v. Delco Oil, Inc., 669 So.2d 1162 (Fla. 5th DCA 1996), this court disapproved of awarding attorney's fees in eminent domain actions based upon the calculation of adding a percentage of the benefit received by the landowner to the lodestar fee. We concluded that, although section 73.092 provides little guidance to practitioners and trial judges concerning the proper method to determine a reasonable fee, this "double-decker" approach was certainly not contemplated by the legislature. Clayton, 665 So.2d at 364. Accordingly, we must strike the fee awards to Mr. Richardson and Mr. Wilson, and remand this matter to the trial court for reconsideration. In so doing, we note that the trial court did not have the benefit of Clayton or Delco at the time the court ruled.
Turning to the fee awarded to Mr. McIntosh, we note that he performed two roles in representing Butler: (1) He assisted Mr. Richardson in preparing for trial and in negotiating the settlement of this eminent domain suit; and (2) He assisted Butler in collecting rents from his tenants, Superwash and Express.
Superwash and Express each occupied a separate building located on Butler's property which was designed and constructed for the specific purpose of their business. Although the County condemned the property located close to the two buildings, it did not condemn the buildings. Nevertheless, because the County recognized that the taking of Butler's property rendered the buildings valueless, the County agreed to compensate Butler for the buildings. The County also agreed to permit Superwash and Express to remain in the buildings pending disposition of the eminent domain proceeding. However, when Butler informed Superwash and Express that he expected to continue to receive *454 rent for the use of the buildings, they each filed a motion to abate rent. The trial court granted the motion and entered an order temporarily abating the rent. Butler responded by filing a motion to set aside the order abating the rent, and requesting an order directing Superwash and Express to resume paying rent. Before the trial court ruled on Butler's motion, the parties apparently reached a negotiated settlement reflected in the record by an acknowledgement stating that Butler had received $139,475 from Superwash and Express.
In determining Mr. McIntosh's fee, the trial court applied a version of the "Parker Formula" similar to that used in calculating Mr. Wilson's fees. In applying the formula, the trial court considered the $139,375 in rent collected to be a "benefit" as contemplated by section 73.092(1)(a). As a result, the court awarded Mr. McIntosh $35,582.50 in fees, a sum which results in a rate of approximately $847 per hour. The County raises several challenges to this fee award.
First, the County maintains that the trial court erred in awarding Mr. McIntosh fees for the hours he spent pursuing Butler's claim for rent. We agree. Section 73.091 of the Florida Statutes (1993), does not specify the type of legal work which is compensable in eminent domain proceedings. In this regard, the statute simply provides:
[T]he petitioner shall pay all reasonable costs of the proceedings in the circuit court, including but not limited to, a reasonable attorney's fee ... to be assessed by that court.
Because the statute fails to define what a "reasonable" fee is, our courts have been required to determine when the statute applies.
Case law has made it clear that a property owner must be able to contest the value the condemning authority places on his or her property and, at the same time, obtain full compensation for the taking as guaranteed by Article X, Section 6 of the Florida Constitution. Hodges v. Department of Transportation, 323 So.2d 275, 277 (Fla. 2d DCA 1975). Full compensation within the meaning of our constitution includes the payment of attorney's fees necessary to enforce the property owner's rights, including fees incurred in proceedings arising out of, and ancillary to, the original condemnation proceeding. Schick v. Florida Department of Agriculture and Consumer Services, 586 So.2d 452, 453-454 (Fla. 1st DCA 1991), rev. dismissed, 595 So.2d 556 (Fla.1992).
With regard to what is meant by the terms "arising out of, and ancillary to," this court has ruled that the condemnor is liable for the payment of attorney's fees for time spent in determining disputes arising as a "direct result of the condemnation proceedings." Terry v. Conway Land, Inc., 508 So.2d 401, 404 (Fla. 5th DCA 1987), approved, 542 So.2d 362 (Fla.1989). Our sister courts have also authorized the recovery of attorney's fees for work performed in ancillary proceedings involving the apportionment of damages to those persons having an interest in the condemned property. For example, in Schick, the landowner was awarded statutory fees for the hours spent in a mandamus action to enforce a final judgment in an eminent domain action. 586 So.2d at 454. In Department of Transportation v. Shaw, 303 So.2d 75 (Fla. 1st DCA 1974), the court approved fees for work done to determine the amount of damages to be apportioned for the replacement of the property owner's home. These awards were proper because, not only did the attorneys' work relate to the issue of apportionment but, importantly, the damages apportioned were funds provided by the state. Similarly, in Orange State Oil Company v. Jacksonville Expressway Authority, 143 So.2d 892 (Fla. 1st DCA 1962), an award of fees for work performed in an ancillary proceeding was proper because the proceeding was necessary to apportion the respective interests of the landowner and the tenant, and the compensation was paid from public funds.
This case law is consistent with the amended version of section 73.091, which narrows the language of the attorney's fee statute to authorize the condemning authority to pay only those attorney's fees "incurred in the defense" of the eminent domain proceeding. See § 73.091, Fla.Stat. (Supp.1994). This added language has provided some clarity as to what type of legal work is compensable under the statute. Further, it appears to support our view that it was never the *455 legislature's intent to authorize statutory fees in eminent domain cases where the fees were incurred in pursuit of a purely private interest, and the compensation was paid by a third party, not the state.
In the instant case, while the controversy between Butler and his tenants may have never arisen but for the eminent domain proceeding, it is critical to recognize that the litigation between Butler and his tenants was entirely private. In other words, Mr. McIntosh's collection of rents on behalf of Butler was not directly related to Butler's defense to the County's eminent domain suit. Instead, his efforts were expended in pursuit of an unrelated dispute concerning whether Superwash and Express were liable to Butler for the payment of rent pending termination of the eminent domain proceeding. Under these facts, it was improper for the trial court to order the County to pay Mr. McIntosh statutory attorney's fees because resolution of the rent dispute did not concern the issue of whether Butler was being fully compensated by the County for the taking of his property. In so ruling, we place primary importance upon the fact that all parties were fully compensated by the County for their interests in the condemned property, and their attorneys were properly compensated for defending against the County's eminent domain petition.
We also agree with the County that the trial court erred in calculating Mr. McIntosh's fee award by adding a lodestar fee to a percentage of the "benefit" received. In reaching this conclusion, we rely upon the reasoning set forth above concerning the fee awards entered in favor of Mr. Richardson and Mr. Wilson. However, we note further that, in calculating Mr. McIntosh's fee, the trial court also improperly calculated the amount of rent recovered by Mr. McIntosh as the "benefit" to Butler. There is no statutory authority to tie such a fee to a percentage of the total rents since rent proceeds do not fall within the statute's definition of "benefit." See § 73.092(1)(a), Fla.Stat. (1993).
Finally, the County also maintains that the trial court erred in permitting Mr. McIntosh to recover fees for the hours he expended litigating the issue of attorney's fees. We reject this claim of error. Whether an attorney is entitled to recover fees in connection with the attorney's efforts to obtain fees depends on the specific issue involved and whether the work inures to the benefit of the attorney or to the benefit of the client. If the attorney's time is spent on the issue of the attorney's entitlement to recover fees, the time is compensable because the client has an interest in the issue of entitlement. However, time spent litigating the correct amount of fees to be awarded is not compensable because the client has no interest in the issue of the amount of fees. See State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla.1993).
The County contends that the record establishes that Mr. McIntosh spent four hours litigating the issue of attorney's fees and that the trial court erred in ordering the County to compensate him for these hours. We affirm the trial court's ruling on this issue, however, because the record before us is silent as to whether the four hours in question were spent on the issue of entitlement to fees or on the issue of the appropriate amount of fees. The County has failed to sustain its burden of establishing error on this claim.
In summary, we disapprove of the method by which the trial court calculated the fees for the three attorneys representing the property owners in this case. We also disapprove of the decision to compensate Mr. McIntosh from public funds for the work he performed in collecting rent from Butler's tenants. Accordingly, we must remand this matter to the trial court with instructions that the court determine reasonable attorney's fees for Mr. Wilson, Mr. Richardson, and Mr. McIntosh in accordance with the rulings set forth herein and in Seminole County v. Clayton, 665 So.2d 363 (Fla. 5th DCA 1995), and Seminole County v. Delco Oil, Inc., 669 So.2d 1162 (Fla. 5th DCA 1996).
AFFIRMED in part; REVERSED in part; and REMANDED.
PETERSON, C.J., and DAUKSCH, J., concur.