COBB, Judge.
Brevard County appeals from an order in an eminent domain action on its motion for reconsideration of attorney’s fees and costs and amended order awarding attorney’s fees, expert fees and costs. The order awards the attorneys for appellees Canaveral Properties, Inc., et al. (landowners), $387,500 in attorney’s fees and $32,500 in costs, as well as expert fees and costs totaling $207,915. We affirm the cost and expert fee awards but reverse the award of attorney’s fees.
The original award of attorney’s fees in this ease, which also included an additional $151,244 as a 20% benefit of the landowners’ recovery, was predicated upon the landowners’ recovery in the trial court of $765,000, including severance damages. However, on appeal the severance damages were stricken and the recovery was ordered reduced to $226,200. See Brevard County v. Canaveral Properties, Inc., 658 So.2d 590 (Fla. 5th DCA 1995), rev. denied, 670 So.2d 937 (Fla.1996). The trial court thereafter was asked to reconsider the award of attorney’s fees. The court merely struck the benefit and reconfirmed the remainder of the attorney’s fee award, resulting in an ' attorney’s fee far greater than the landowners’ recovery.
Under the 1993 version of section 73.092(1), Florida Statutes, applicable here, in setting the fee the court must “give greatest weight” to the benefit resulting to the client from the services rendered. Recently, in Seminole County v. Delco Oil, Inc., 669 So.2d 1162 (Fla. 5th DCA 1996), this court enunciated the analysis applicable to an award of attorney’s fees under section 73.092, Florida Statutes (1993). Under the Delco analysis, reversal of the original judgment of $765,000 in favor of the landowners and remand for entry of a judgment for $226,200 requires a complete reconsideration of the attorney’s fee award, not simply the striking of the 20% benefit of $151,244 which was improper anyway under the 1993 version of section 73.092. See Delco, 669 So.2d at 1167. The original award is based on expert testimony which itself was predicated on the landowners’ very substantial recovery. That recovery, however, did not withstand appellate scrutiny.
*1310 The cause is remanded for reconsideration of the attorney’s fee award under Delco. No additional attorney’s fees should be awarded for time spent relitigating the correct amount of the fee to be awarded. See Seminole County v. Butler, 676 So.2d 451 (Fla. 5th DCA), rev. denied, 686 So.2d 581 (Fla.1996).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GRIFFIN and ANTOON, JJ., concur.