696 So.2d 1244 (1997)
BREVARD COUNTY, Florida, etc., Appellant,
v.
CANAVERAL PROPERTIES, INC., et al., Appellees.
No. 96-2662.
District Court of Appeal of Florida, Fifth District.
June 20, 1997.
Scott Knox, County Attorney and Eden Bentley, Assistant County Attorney, Viera, for Appellant.
Gordon H. Harris, Jack A. Kirschenbaum, G. Robertson Dilg, Christopher J. Coleman of Gray, Harris & Robinson, P.A., Melbourne, for Appellees.
W. SHARP, Judge.
Brevard County appeals from a $55,647.00 appellate attorney fee awarded by the trial court to Canaveral Properties in an eminent domain suit, in which Brevard prevailed in an earlier appeal. The amount of the award is excessive and therefore unreasonable. We reverse the award and remand for further *1245 consideration of the amount by the trial court.
Appellate attorney fees in eminent domain cases are authorized by section 73.131. That section provides:
(1) Appeals in eminent domain actions shall be taken in the manner prescribed by law and in accordance with appellate rules, ...
(2) The petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney's fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the lower court shall be affirmed.
In this case, which has had multiple trips to this court,[1] the trial court set the appellate fee to be awarded to the former owners of the condemned property, after conducting an evidentiary hearing and considering documents placed in the record. This is the preferred procedure from a practical standpoint, since an appellate court lacks the resources to conduct such a hearing. This court need not set the fee itself, despite the language of the statute. Smith v. City of Tallahassee, 198 So.2d 380 (Fla. 1st DCA 1966).
The initial question in this matter is whether the trial court properly struck the County's offer of judgment made earlier in the proceedings. We conclude, as did another panel of judges sitting in a related case,[2] that the offer was improper. Thus, it has no controlling effect on the attorney fee award.
The four property owners, represented by one firm in this case, submitted that in excess of 402 hours were expended in researching, writing and preparing the answer brief and oral argument for the appeal. The County spent but 75 hours in preparing its initial brief, reply brief and oral argument. Based on the appellee's time records, four attorneys prepared for oral argument on behalf of the owners, two attended oral arguments, and one presented oral argument before this court.
From the evidence in the record it is clear that appellees had multiple attorneys performing duplicate tasks in handling the eminent domain appeal. Although that might be acceptable and reasonable had four separate law firms been involved, each representing a different owner, that is not the case here. In this eminent domain case only one firm handled the appeal for all of the owners. It further appears that much of the research concerning the issues on appeal must have been performed for the trial, since they are identical.
The polestar of an appellate attorney fee award pursuant to section 73.131 and the case law generally, is that it must be reasonable. One that is bloated because of excessive time spent, or unnecessary services rendered, or duplicate tasks performed by multiple attorneys does not meet that criterion of reasonableness. See R.H. Coody & Associates, Inc. v. Shelton, 352 So.2d 852 (Fla.1977); The Florida Bar v. Moriber, 314 So.2d 145 (Fla.1975); Seminole County v. Delco Oil, Inc., 669 So.2d 1162 (Fla. 5th DCA), rev. denied, 682 So.2d 1100 (Fla. 1996).
The propriety of an attorney fee award for multiple attorneys performing duplicate tasks in a lawsuit has been cogently addressed by the federal courts. They have a long-established policy of disallowing such duplicate costs and fees. In making an attorney fee award, the court must consider the possibility of duplicate effort arising from multiple attorneys, in determining a proper fee award. New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc., 72 F.3d 830 (10th Cir.1996). Fees should be adjusted and hours reduced or eliminated to reflect duplications of services. Jane L. v. Bangerter, 828 F.Supp. 1544 (D.Utah 1993), reversed on other grounds, 61 F.3d 1505 (10th Cir.1995); Corsair Asset Management, Inc. v. Moskovitz, 142 F.R.D. 347 (N.D.Ga.1992); In re Penn Central Securities *1246 Litigation, 416 F.Supp. 907 (E.D.Pa. 1976), reversed on other grounds, 560 F.2d 1138 (3d Cir.1977).
In Jane L., the District Court said:
Another category of time in which reductions are appropriate is unnecessary duplicative time. As the Tenth Circuit said [citation omitted] "[I]f the same task is performed by more than one lawyer, multiple compensation should be denied. ..." As this court pointed out [citation omitted] "[I]t is often important to analyze and exclude duplication of time spent on aspects of a case where several lawyers, paraprofessionals and/or clerks are working simultaneously." (emphasis supplied)
Id., 828 F.Supp. at 1549.
The district court ruled that the claims presented were excessive because four attorneys submitted request for fees for attending the same hearing. Id. If three attorneys are present at a hearing when one would suffice, compensation should be denied for two. Id. On appeal the Tenth Circuit approved the result, and added that the party requesting duplicate fees must make a good faith effort to exclude from the request hours that are excessive, redundant or otherwise unnecessary. Jane L., 61 F.3d at 1505.
We reverse the appellate attorney fee award in this case and remand for further consideration of the amount awarded for appellate attorney fees, consistent with this opinion. See Boynton v. Canal Authority, 311 So.2d 412 (Fla. 1st DCA 1975). Due process considerations in eminent domain cases require that an owner be reasonably compensated for the taking of his or her property for the public good, which includes compensation for court costs and reasonable attorney fees to defend against the taking and establish a fair amount of compensation. Section 73.131 specifies the attorney's fee award be "reasonable."
There is no basis for an excessive appellate attorney's award in eminent domain cases. It is not legally justifiable nor in the public interest. The taxpayers of this state ultimately have to pay any excessive awards made, with no corresponding benefit to the public's interest or welfare.
REVERSED and REMANDED.
GOSHORN and ANTOON, JJ., concur.
NOTES
[1] Brevard County v. Canaveral Properties, Inc., 658 So.2d 590 (Fla. 5th DCA 1995), rev. denied, 670 So.2d 937 (Fla.1996).
[2] Brevard County v. Canaveral Properties, Inc., 689 So.2d 1309 (Fla. 5th DCA 1997).