ANTOON, J.
ON MOTION FOR REHEARING OF ORDER DENYING APPELLATE ATTORNEY’S FEES AND COSTS
In this eminent domain case, Boyle Investment Company (Boyle) filed a motion seeking an award of appellate attorney’s fees. We grant the motion and remand this matter so that the trial court can determine the appropriate amount of the award.
In Seminole County v. Boyle Investment Company, 719 So.2d 1004 (Fla. 5th DCA 1998), Seminole County appealed the trial court’s order awarding attorney’s fees in favor of Boyle. Seminole County contended that the trial court had erred in calculating the amount of the fees, awarding interest on the fee award, and awarding expert witness fees. We found no error with regard to the method the trial court employed in calculating the fees, but concluded that the trial court had erred by awarding interest on the award and in awarding expert witness fees. Id.
While the appeal was pending, Boyle filed a motion seeking an award of appellate attorney’s fees citing section 73.131, Florida Statutes (1997), as the basis for such an award. Section 73.131 provides in relevant part:
73.131 Appeals; costs.-
[[Image here]]
(2) The petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney’s fee to be assessed by that court, except upon an appeal taken by a defen *646 dant in which the judgment of the lower court shall be affirmed.
§ 73.131(2), Fla. Stat. (1997). By enacting section 73.131, the legislature clearly mandated that a property owner is entitled to receive an award of appellate attorneys’ fees in all cases which are appealed by the condemning authority. We recognize that under other attorney’s fees statutes appellate attorney’s fees may be denied where like here the only issue on appeal was the propriety of a fee award. See Solid Waste Authority of Palm Beach County v. Parker, 622 So.2d 1014, 1015 (Fla. 4th DCA 1993). However, section 73.131 specifically mandates that the condemning authority must pay all reasonable costs of an appeal, including reasonable attorney’s fees, unless the appeal was filed by the landowner and the judgment of the lower court was affirmed. See Denmark v. State Dep’t of Transp., 389 So.2d 201 (Fla.1980). We agree with the fourth district that we are not at liberty to ignore the unambiguous legislative language set forth in the statute. See Parker, 622 So.2d at 1015.
Here, Seminole County filed this appeal; therefore, Boyle is entitled to receive appellate attorney’s fees. Accordingly, we remand this case to the trial court to calculate a reasonable attorney’s fee. See Brevard County v. Canaveral Properties, Inc., 696 So.2d 1244, 1246 (Fla. 5th DCA 1997). In closing, we note our agreement with the second district that, in setting the amount of the fee award, it may be appropriate for the trial court to consider the result obtained. See Lee County v. Tohari, 582 So.2d 104, 105 n. 1 (Fla. 2d DCA 1991).
MOTION FOR ATTORNEY’S FEES GRANTED and CAUSE REMANDED.
GRIFFIN, C.J., and DAUKSCH, J., concur.