DAMOORGIAN, J.
The City of Boynton Beach (the “City”) appeals the trial court’s denial of its motion to use proceeds from a taking to satisfy an outstanding code enforcement lien. We reverse.
The facts below are undisputed. Theodore Ryan owned two parcels of property within the City’s jurisdictional limits. One was his homestead property (“Parcel 1”), and one was a vacant lot (“Parcel 2”). In 1998, the City obtained two orders imposing a fine for code violations originating on Parcel 1. The City recorded the orders in the public record pursuant to section 162.09(3), Florida Statutes, which states:
A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator.
Upon petition to the circuit court, such order may be enforced in the same manner as a eourt judgment by the sheriffs of this state, including levy against the personal property, but such order shall not be deemed to be a court judgment except for enforcement purposes.
§ 162.09(3), Fla. Stat. (1998). Accordingly, the code enforcement liens attached to all real and personal property owned by Ryan, including Parcel 2.
In 2003, the City filed a petition to take Parcel 2 via an exercise of its condemnation power under Chapter 73, Florida Statutes. The City’s petition reflected that Parcel 2 was encumbered by the two code enforcement liens. The trial court granted the City’s petition and entered an Order of Taking followed by a Consent Final Judgment in the amount of $99,000. Ryan then transferred title to Parcel 2 to the City, and the City deposited $99,000 in the court registry. Pursuant to the judgment, the trial court retained jurisdiction to determine the rights of the City, Ryan, and/or any party with an interest in the proceeds.
In 2010, Ryan moved to withdraw the proceeds for Parcel 2 from the court registry. The City countered by filing its own motion to withdraw the proceeds to satisfy its code enforcement liens. The court denied the City’s motion, ruling that the City did not follow the proper procedures to enforce the liens under Chapter 162. In support of its ruling, the court relied on the presence of the term “petition” in section 162.09(3). Since “petition” is not defined in Chapter 162, the court looked to Rule 1.100 of the Florida Rules of Civil Procedure, which sets forth the guidelines for pleadings and motions, and identifies “a petition” as an allowed form of a pleading.[1] The court then reasoned as *866 follows: section 162.09(3) requires a petition, a petition is one form of pleading, so section 162.09(3) requires a pleading. Further, a motion is not a pleading so the City did not “petition[ ] the Circuit Court to enforce its Orders Imposing Penalties/Lien and, therefore, [did] not eomplty] with the provisions of section 162.09(3).” In other words, the trial court ruled that the City had to file an independent action to enforce its code enforcement liens, and could not enforce them in a condemnation action under Chapter 73.
Because it involves a matter of statutory interpretation, we review the trial court’s ruling de novo. Anthony v. Gary J. Botella & Assocs., P.A., 906 So.2d 1205, 1207 (Fla. 4th DCA 2005) (“The standard of review of a trial court’s application and interpretation of Florida law is de novo”).
To determine what the term “petition” means in section 162.09(3), we must apply the well established rules of statutory construction. “Legislative intent is the polestar that guides a court’s statutory construction analysis.” Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003). In attempting to discern legislative intent, we first look to the actual language used in the statute. Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000). If the statute is clear and unambiguous, we will not look behind its plain language for legislative intent or resort to rules of statutory construction to ascertain intent. See Lee County Elec. Coop., Inc. v. Jacobs, 820 So.2d 297, 303 (Fla.2002). In such an instance, “the statutes plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent.” State v. Burris, 875 So.2d 408, 410 (Fla.2004). Accordingly, our analysis begins with a plain language interpretation of the word “petition.”
Black’s Law Dictionary defines the term “petition” as “a formal written request presented to a court or other official body.” Black’s Law Dictionary (9th ed. 2009). Similarly, the term “petition” is defined in the Florida Probate Code as “a written request to the court for an order.” § 731.201(29), Fla. Stat. (2011). Thus, based on the plain and ordinary meaning of the word “petition,” we do not read section 162.09(3) as requiring anything more than a written request to a court of competent jurisdiction. As the City’s motion contained a written request to the court, it was procedurally sufficient under section 162.09(3) so long as the trial court had jurisdiction to adjudicate the code enforcement liens.
We find support for the trial court’s jurisdiction to adjudicate the code enforcement liens in Florida’s eminent domain laws. Section 73.101, Florida Statutes expressly provides that the court entering a taking order “shall determine the rights of the interested parties with respect to the amount awarded for each parcel and the method of apportionment.” § 73.101, Fla. Stat. (2010). This is because a “condemnation has the effect of accelerating all claims of lien against [the taken] land because once the money is disbursed there is nothing left to have a lien against.” City of St. Petersburg v. Div. of Admin., Fla. Dept. of Trans., 293 So.2d 781, 784 (Fla. 2d DCA 1974). Accordingly, the claims of any parties with an interest in the taken land should be resolved by the condemnation court before the proceeds are disbursed. Id.; Tampa Suburban Utils. Corp. v. Hillsborough *867 Cnty. Aviation Auth., 195 So.2d 568, 569-70 (Fla. 2d DCA 1967) (holding that in eminent domain proceedings “any question concerning interest in the property, including liens thereon, is determined by the court in the same action after the jury has rendered a verdict for the value of the property as a whole.”).
Based on the foregoing, we hold that the City did not have to file a separate action to enforce its code enforcement liens against Parcel 2 and the trial court should have adjudicated the City’s hen claims under the authority of section 73.101.

Reversed and Remanded.

HAZOURI and CIKLIN, JJ., concur.

. Rule 1.100, in part, states:
(a) Pleadings. There shall be a complaint or, when so designated by a statute or rule, a *866 petition, and an answer to it.... No other pleadings shall be allowed.
(b) Motions. An application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.