DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THEODORE RYAN,**
Appellant,

v.

**CITY OF BOYNTON BEACH**, a Florida municipal corporation, and
**FRANK JANOTS,**
Appellees.

No. 4D13-3167

[February 4, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 502003CA010606 XXXXMB.

Jeff P. Cynamon of the Law Offices of Jeff P. Cynamon, P.A., Miami Beach, for appellant.

Michael D. Cirullo, Jr., and Kerry L. Ezrol of Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, for appellee City of Boynton Beach.

STEVENSON, J.

This case has its genesis in eminent domain proceedings initiated by the City of Boynton Beach against Theodore Ryan. Presently, appellant Ryan alleges error in the denial of his motion seeking the award of both the attorney's fees incurred in connection with a prior appeal and the trial level fees incurred in connection with litigating the parties' competing motions for disbursement of the funds being held in the court's registry. We reverse the order appealed and remand for further proceedings consistent with this opinion.

Ryan owned two parcels of property in Boynton Beach: his home (parcel 1) and a vacant lot (parcel 2). In 1998, the City recorded two orders imposing fines for code violations originating on parcel 1, resulting in liens attaching to all real and personal property owned by Ryan, which included parcel 2. In 2003, the City initiated eminent domain proceedings with respect to parcel 2, which resulted in the entry of an order of taking and a final consent judgment in the amount of $99,000. The court reserved

jurisdiction to determine the rights of Ryan, lienholders, and other claimants "in respect to the compensation for the parcel," and the City paid the $99,000 into the court's registry. Ryan was awarded the attorney's fees he incurred in connection with defending the eminent domain proceedings. The fee award resulted in an appeal by the City, *see City of Boynton Beach v. Janots*, 929 So. 2d 1099 (Fla. 4th DCA 2006) ("*Janots I*"), and Ryan was also awarded the fees he incurred in connection with that appeal.

Some years later, in August of 2010, Ryan filed a motion seeking disbursement of the $99,000 still held in the court's registry. In turn, the City filed its own motion, asserting it was entitled to withdraw the funds to satisfy its earlier-recorded code enforcement liens. The trial court denied the City's motion, finding it had failed to file a "petition" or independent action as required by chapter 162, Florida Statutes, which governs enforcement of liens. The City appealed. This court reversed, finding "the City did not have to file a separate action to enforce its code enforcement liens against Parcel 2 and the trial court should have adjudicated the City's lien claims under the authority of section 73.101," and remanded for further proceedings. *City of Boynton Beach v. Janots*, 101 So. 3d 864, 867 (Fla. 4th DCA 2012) ("*Janots II*"). By order dated October 10, 2012, this court granted Ryan's motion for appellate fees, directing the trial court to "consider the result obtained on appeal in setting the amount of fees."

Following the appeal in *Janots II*, Ryan filed a motion in the trial court, asking the trial court to award him both the attorney's fees incurred in connection with the appeal and the trial level fees incurred in connection with the parties' motions for disbursement of the funds in the court's registry. The trial court denied Ryan's motion in its entirety and that ruling gave rise to the instant appeal.

*Appellate Fees Incurred in Connection with Janots II*
A party's entitlement to the award of appellate fees is a matter for the appellate court, not the trial court, although the amount of fees is generally determined by the trial court. *See, e.g., In re Estate of Udell*, 501 So. 2d 1286, 1288 (Fla. 4th DCA 1986). This court's October 10, 2012 order granted Ryan's motion for appellate fees and resolved the matter of Ryan's entitlement to the fees incurred in connection with the appeal in *Janots II* in Ryan's favor. This court's ruling on Ryan's entitlement to these appellate fees became the law of the case, and the trial court was not thereafter free to revisit the issue. *See State v. McBride*, 848 So. 2d 287, 289–90 (Fla. 2003) (stating law of the case doctrine "requires that 'questions of law actually decided on appeal must govern the case in the

2

same court and the trial court, through all subsequent stages of the proceedings'") (quoting *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001)); *McPherson v. Bittner*, 126 So. 3d 1230 (Fla. 4th DCA 2012) (applying law of the case doctrine to appellate court's granting of motion for appellate fees); *Fla. Diversified Films, Inc. v. Simon Roofing & Sheet Metal Corp.*, 118 So. 3d 240 (Fla. 3d DCA 2013) (same). Thus, the trial court could not properly deny Ryan's motion for appellate fees by finding Ryan was not entitled to fees because the "appeal over how to obtain such funds . . . [was] not directly related to the condemnation proceedings."

Alternatively, the trial court found that Ryan's motion for appellate fees was properly denied as the appellate court had mandated consideration of the result obtained on appeal and a zero award was reasonable "[s]ince Ryan did not prevail on appeal." This rationale, though, is contrary to the governing fee statute. The award of appellate attorney's fees in eminent domain proceedings is governed by section 73.131, Florida Statutes. The statute requires that the petitioner "pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney's fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the lower court shall be affirmed." § 73.131(2), Fla. Stat. There are appellate decisions permitting consideration of the result obtained on appeal in setting the amount of appellate fees to be awarded. *See Seminole Cnty. v. Boyle Inv. Co.*, 724 So. 2d 645 (Fla. 5th DCA 1999); *Lee Cnty. v. Tohari*, 582 So. 2d 104, 105 n.1 (Fla. 2d DCA 1991). Nonetheless, consistent with the language of section 73.131, the Florida Supreme Court has squarely held that a landowner cannot be denied his appellate attorney's fees simply because he was not the prevailing party in the appeal. *See Denmark v. State Dep't of Transp.*, 389 So. 2d 201, 201 (Fla. 1980); *State Rd. Dep't v. Levato*, 199 So. 2d 714 (Fla. 1967). Thus, while the trial court would have acted within the bounds of its discretion and this court's order by awarding an amount less than that sought by Ryan, the zero award went too far, effectively converting section 73.131 to a prevailing party fee statute.

*Trial Level Fees Incurred in Connection with Motions for Disbursement*
Florida Statutes section 73.092(2) governs the award of fees incurred in the trial court, providing for the assessment of fees "incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for." Courts interpreting the statute have limited eminent domain fee awards to those fees incurred in resolving claims that arise as a direct result of the eminent domain proceedings. *See State, Dep't of Transp. v. Skidmore*, 720 So. 2d 1125, 1129–30 (Fla. 4th DCA 1998) (holding attorney's fees incurred regarding claim that portion of the land that was the subject of the taking was

illegally-filled sovereign submerged lands should not have been included in fee award as such issue was "merely incidental to" eminent domain proceeding) (citing *Terry v. Conway Land, Inc.*, 508 So. 2d 401, 406 (Fla. 5th DCA 1987), *approved*, 542 So. 2d 362 (Fla. 1989)); *Seminole Cnty. v. Butler*, 676 So. 2d 451, 454 (Fla. 5th DCA 1996) (holding that owner's right to "full compensation" entitles him to only the award of "attorney's fees for time spent in determining disputes arising as a 'direct result of the condemnation proceedings'") (quoting *Terry*, 508 So. 2d at 404). Relying upon the foregoing authorities, the trial court denied Ryan's motion for the trial level fees incurred in connection with the motions for disbursement of the funds in the court's registry, finding that "[a]lthough the dispute over the disbursement of the court registry funds arose as a result of the condemnation proceedings, Boynton Beach had an independent claim over the funds as a result of it possessing code enforcement liens" and, thus, "the litigation and appeal over how to obtain such funds are not directly related to the condemnation proceedings."

Ryan insists the trial court was not permitted to deny his motion for the trial level fees on the ground that the dispute over the disbursement of the funds in the court registry was not directly related to the condemnation proceedings as this court inherently ruled to the contrary in the opinion issued as the result of the appeal in *Janots II*. We disagree. In the prior appeal, we held that the City's motion for disbursement of the funds in the court's registry could not properly be denied for the reason that the City had filed only a motion in the chapter 73 proceedings, rather than filing an independent action, and that the trial court's authority under chapter 73 was broad enough to permit it to adjudicate the City's claim to the proceeds in the registry. Our earlier holding was not tantamount to a finding that all the legal issues raised while litigating the competing motions for disbursement were so directly related to the underlying taking as to demand an award of attorney's fees to the landowner.

Nevertheless, on the merits of the propriety of the trial court's ruling that the trial level fees incurred in connection with the motions for disbursement were not awardable as they were "not directly related to the condemnation proceedings," we conclude the trial court was partly right and partly wrong. The trial court likened the proceedings on the motions for disbursement to those in *Seminole County v. Butler*, 676 So. 2d 451 (Fla. 5th DCA 1996). In *Butler*, the owner of the property that was the subject of the eminent domain proceedings had leased it to two others. During the course of the eminent domain proceedings, the owner incurred attorney's fees pursuing rent claims against the tenants. The appellate court agreed with the County's claim that time spent pursuing the rent

4

claims should not have been included in the fee award to the owner. The court reasoned that "while the controversy between Butler [owner] and his tenants may have never arisen but for the eminent domain proceeding, it is critical to recognize that the litigation between Butler and his tenants was entirely private" and the attorney's "collection of rents on behalf of Butler was not directly related to Butler's defense to the County's eminent domain suit." 676 So. 2d at 455.

*Terry v. Conway Land, Inc.*, 508 So. 2d 401 (Fla. 5th DCA 1987), *approved*, 542 So. 2d 362 (Fla. 1989), is among the decisions cited in *Butler* and is also instructive. Following condemnation of property owned by Conway, the Terrys sought apportionment of the award, claiming an interest as a consequence of a reservation of rights to royalties from any gas, oil or minerals on the property. To resolve the issue, the trial court was required to look at documents transferring title to the property and determine whether the reservation applied to only a long-expired lease. The trial court believed this was the case and entered summary judgment in the apportionment proceedings in favor of Conway. The Terrys appealed. The Fifth District reversed, holding the Terrys continued to hold a royalty interest.

In that appeal, the Terrys sought to have the condemning authority pay the attorney's fees incurred on appeal. The Fifth District ruled they were not entitled to these fees: "This dispute arises now because the fee title has been taken by condemnation, but the conflicting claims do not arise as a direct result of the condemnation proceedings. The appellants' claim raises a question as to appellees' title which would have required independent litigation for its determination even if the condemnation proceedings had never occurred." *Id.* at 406.

Returning to the case before us, we hold that Ryan was entitled to recover those trial level fees he incurred litigating whether the City's filing of a motion in the eminent domain proceedings was a proper vehicle for the City to seek to collect on its lien. The issue of whether Ryan or the condemning authority was entitled to the funds in the court registry simply would not exist but for the eminent domain proceedings, making the circumstances distinguishable from those in *Butler* and *Terry*. We do not believe, however, that this is the case for many of the other trial level fees sought by Ryan. The attorney time sheets introduced into evidence at the fee hearing included time billed for (1) researching and hearing preparation on the statute of limitations issue concerning the City's enforcement of the code violation lien; (2) time spent researching whether Ryan would continue to be responsible for the code enforcement lien if the property were sold; (3) time spent analyzing the City's Code of Ordinance; (4) phone

calls to the City's Code Compliance Department regarding the alleged violations and compliance; (5) phone calls to the City's Code Compliance Department for "clarification" on liens; (6) phone calls with Ryan regarding compliance with the code violations; (7) phone calls with the City's Code Compliance Department regarding a possible lien reduction hearing; and (8) phone calls to Ryan regarding "remedies to alleged violations, lien reduction hearing, witnesses." Such legal issues concerning the validity/enforceability of the liens existed regardless of the eminent domain proceedings and cannot be said to have directly arisen from, or have been directly related to, the eminent domain proceedings.

*Conclusion*

Having considered all issues raised, we reverse the order appealed. As to the appellate fees incurred in connection with *Janots II*, we hold that Ryan's entitlement to the same was established by this court's October 10, 2012 order and remand the matter to the trial court with directions for the trial court to set the amount of fees to be awarded. In setting such amount, the trial court must take into account the "result obtained," remaining mindful of the fact that section 73.131 is not a prevailing party fee statute. As for the trial level fees incurred in connection with the motions for disbursement, the trial court is directed to award Ryan those fees incurred challenging the propriety of the City's resort to chapter 73 proceedings to enforce its code enforcement lien. As for the remaining trial level fees sought by Ryan, the matter is remanded so that the trial court may reconsider the issue in light of this court's opinion.

*Reversed and Remanded.*

DAMOORGIAN, C.J., and GILLESPIE, KENNETH, Associate Judge, concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**